UNITED STATES OF AMERICA
FEDERAL DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS



SUFFOLK,SS                                                                                 DOCKET NUMBER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RICAHRD LIVINGSTON           *
      Plaintiff                          *
                                             *   Referred to MJ JGDen
v.                                         *
M.B.T.A. Employee's Credit Union  *
                                             *
      Defendant                         *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND JURY CLAIM

### I.  JURISDICITION

1. The Court has personal and subject matter jurisdiction over the issues raised in his case pursuant to 28 USC 1331 presentment of a Federal Question.

### II   THE PARTIES

2. The Plaintiff, Richard Livingston is a natural person residing at all times relevant at 149 Warren Avenue, Milton, County of Norfolk Massachusetts.

3. The Defendant, M.B.T.A. Employee's Credit Union is a Credit Union organized and operating under the laws and regulations promulgated by the United States of America and The Commonwealth of Massachusetts with a usual place of business in South Boston, Massachusetts.

### III.   GENERAL FACTS AND ALLEGATIONS

4. Plaintiff Richard Livingston and his former spouse Margaret Clifford were divorced pursuant to a judgment issued by the Norfolk County Probate and Family Court December 14, 1998

5. Plaintiff Richard Livingston and his former spouse, Margaret Clifford jointly own property located at 15 Quarry Lane, Town of Milton, County of Norfolk, Commonwealth of Massachusetts. holding a mortgage with the defendant MBTA C.U.

6. Pursuant to the Judgment of Divorce Ms. Clifford is entitled to reside at the jointly own property located at 15 Quarry Lane, Milton, Massachusetts until the youngest child graduates from High School or attains the age of 18. Following these events the property is to be sold and the proceeds divided between Plaintiff Richard Livingston and Margaret Clifford.

7. On May 24, 2001 the Norfolk County and Probate Court entered an order which states "The former wife shall have the right to refinance the first and second mortgages with respect to the former marital home in order to satisfy the existing first and second mortgages and to pay outstanding marital debt if she so elects."

8. On May 24, 2001 the Court also ordered "the former husband shall not be required to sign any documents in connection with wife's effort to refinance the outstanding mortgages and existing marital debt."

9. The Justice from the bench also ordered orally that the wife would not be able to refinance the property without the signature of the Plaintiff

10. In May/June Margaret Clifford the former spouse of Plaintiff Richard Livingston applied for a mortgage with RAH Federal Credit Union and the Chittenden Bank d/b/a The Mortgage Service Center.

11. On or before the approval of the mortgage application Defendant MBTA Employees C.U. were aware of the Court Order dated May 24, 2001 which placed restrictions upon the amount of any mortgage, the terms of the mortgage and the purpose for which the proceeds could be used.

12. The application for a mortgage was approved.

13. On July 27, 2001 a closing took place involving Margaret Clifford the former spouse of Plaintiff Richard Livingston and certain non-arty lending institutions.

14. Richard Livingston was at all times relevant a member in continuously good standing and continues to be a member of the credit union in good standing.

15. Prior to the closing Defendant MBTA Employee C.U. was contacted and provided a payoff figure in connection with the mortgage applied for by Margaret Clifford.

16. Several years prior to this date August 22, 1997 Plaintiff Richard Livingston had requested and a notation was made on the bank records and computer system that no information concerning any of Plaintiff Richard Livingston's financial matters involving the credit union were to be release to any party without notifying him first and receiving his permission.

17. The Defendant MBTA Employee C.U. did not obtain a release from Plaintiff Richard Livingston before releasing private and confidential information.

18. The Defendant MBTA Employee C.U. did not obtain a release from Plaintiff Richard Livingston before providing a payoff figure to Victoria Schepps or the Defendant financial Institutions she was representing.

19. The Defendant MBTA Employee C.U. in providing the payoff figure wrongly included escrow monies which had been taken by payroll deduction since August of 1997 from his paycheck as part of the payoff figure.

20. To date the Defendant MBTA Employee C.U. has failed to ensure to provide and record a complete and correct mortgage discharge (on the jointly own property located at 15 Quarry Lane, Town of Milton, County of Norfolk, Commonwealth of Massachusetts,

21. The Defendant MBTA Employee C.U. has faired despite repeated requests to provide Plaintiff Richard Livingston with an accurate and complete copy of the mortgage portfolio file concerning 15 Quarry Lane, Milton, MA 02186.

22. Most recently Plaintiff Richard Livingston was denied the ability to have his name placed on the Credit Union Ballot and/or to run for election to the Board of Trustee's of the MBTA Employee C.U.

23. The Defendant MBTA Employee C.U. in violation of Federal Law failed to place Plaintiff Richard Livingston on the ballot or allow him to stand for election to the Board of Trustee's because he had filed for

    Bankruptcy protection under the United States Bankruptcy Code within (5) years of the election date.

24. The Defendant MBTA Employee C.U. has discriminated against (Plaintiff) Richard Livingston) because he filed for Bankruptcy Code within (5) years of the election date.

25. Upon information and belief the Defendant MBTA Employee C.U. allowed one other person in the past who was similarly situated as Plaintiff Richard. Livingston to run for trustee without interference.

26. Upon information and belief the Defendant MBTA Employee C.U. has released false information and defamed Plaintiff Mr. Livingston to certain members and officers of the Credit Union.

### IV. CAUSES OF ACTION COUNT 1
### RICHARD LIVINGSTON V. VIOLATION, OF CHAPTER 93A.)

27. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 26 as if specifically repeated and further alleges:

28. The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93 M.G.L.A.

29. On May 25, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant under chapter 93a.

30. The Defendant MBTA Employee C.U. failed to tender a reasonable settlement offer in accordance with the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant MBTA Employee C.U. in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

### COUNT 11
### VIOLATION OF PRIVACY

31. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 30 as if specifically repeated and further alleges:

32 The facts and allegations as specified above constitute a violation of the privacy rights as defined under state and federal statutes of the Plaintiff, Richard Livingston.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant MBTA Employee C.U. in an amount to be determined by a Judge or Jury.

## COUNT 111
## (VIOLTATION OF UNITED STATES BANKRUPCY CODE)

33. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 32 as if specifically repeated and further alleges:

34. The Defendant MBTA Employee C.U. has discriminated against the Plaintiff by failing to allow him to place his name on the election ballot for Credit Union Trustees(s) Code is a violation of Section 525(a) of the United States Bankruptcy Code.

35. The Defendant MBTA Employee C.U. rules and regulations and by-laws prohibiting the election of an individual who has filed for Bankruptcy protection under the United States Bankruptcy Code is a violation of Section 525(a) of the United States Bankruptcy Code and the subsequent case law interfering with the Plaintiff's right to a fresh start.

36. The discrimination imposed upon the Plaintiff Richard Livingston has caused him irreparable harm with the personal and confidential matter exposed publicly in a manner to coerce, intimidate and defame in an effort to force him to withdraw his name has denied him the right to serve as a Trustee of the M.B.T.A. Employee's Credit Union.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant MBTA Employee C.U in an amount to be determined by a Judge or Jury.

Respectfully Submitted
Richard Livingston
By his Attorney,

_____
William E. Gately, Jr.
BBO#: 549132
Law Office of William E. Gately, Jr.
400 Washington Street
P.O. Box 850920
Braintree, MA 02185
(781) 848-1200

**<u>THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES</u>**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Livingston

**DEFENDANTS**
M.B.T.A. Employees Credit Union

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-11349 RCL

(c) Attorney's (Firm Name, Address, and Telephone Number)
William E. Gately Jr
PO Box 850929 Braintree MA 02185

Attorneys (If Known)
unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 525A

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 6/27/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Richard Livingston v. MBTA Employee's Credit Union_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    __ I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    __ II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    X  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    __ IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    __ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   _None_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                      YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                      YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                      YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                      YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                      YES ☒    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☒    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                      YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _William E Gately, Jr_
ADDRESS _PO Box 850920 Braintree MA 02185_
TELEPHONE NO. _781-848-1200_

(CategoryForm.wpd -5/2/05)