UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**RICHARD LIVINGSTON,**             )
                                    )
    **Plaintiff,**               )
                                    )
v.                                  )   C.A. No. 05-CV-11349-RCL
                                    )
**MBTA EMPLOYEES**                  )
**CREDIT UNION,**                   )
                                    )
    **Defendant.**               )
_____)


**MBTA EMPLOYEES CREDIT UNION'S**
**ANSWER AND DEMAND FOR TRIAL BY JURY**


    NOW COMES MBTA Employees Credit Union (the "Credit Union") and answers the Plaintiff's Complaint, as filed on December 27, 2005 (the "Complaint"), as follows:

    1. The Credit Union states that paragraph one of the Complaint is a conclusion of law to which no responsive pleading is required.

    2. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Complaint.

    3. The Credit Union admits that it is a credit union organized under laws of the Commonwealth of Massachusetts with a usual place of business at 147 West Fourth Street, South Boston, Massachusetts. And further answering, the Credit Union states that the Plaintiff has misidentified the Credit Union. The Credit Union denies the remaining allegations contained in paragraph three of the Complaint.

    4. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Complaint.

5. The Credit Union admits that it held a mortgage interest on property owned by Richard Livingston and Margaret Livingston (née, Clifford) located at 15 Quarry Lane, Milton, Massachusetts, beginning on or about April 25, 1994 and continuing until sometime during late July or early August, 2001. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph five of the Complaint.

6. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint.

7. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint.

8. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eight of the Complaint.

9. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of the Complaint.

10. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint. And further answering, the Credit Union states that RAH Federal Credit Union and Chittenden Bank d/b/a The Mortgage Service Center are not defendants herein.

11. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven of the Complaint.

12. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve of the Complaint.

13. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen of the Complaint.

14. The Credit Union admits the allegations contained in paragraph fourteen of the Complaint.

15. The Credit Union admits that it was contacted and that the Credit Union provided a mortgage payoff figure in connection with a refinance of the existing mortgage prior to July 27, 2001. And further answering, the Credit Union states that Margaret Livingston (née, Clifford) was a joint applicant and co-borrower on the mortgage held by the Credit Union on the property located at 15 Quarry Lane, Milton, Massachusetts. The Credit Union does not understand and is unable to respond to the "non-employee" allegation contained in paragraph fifteen of the Complaint. The Credit Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph fifteen of the Complaint.

16. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Complaint.

17. The Credit Union admits that it "did not obtain a release from Plaintiff Richard Livingston" before providing a payoff figure with respect to the July 27, 2001 refinance. And further answering, the Credit Union states that it did not release "personal and confidential private financial information along with his personal escrow account funds." The Credit Union incorporates herein its response to paragraph 15, above.

18. The Credit Union incorporates herein its response to paragraph seventeen above.

19. The Credit Union denies the allegations contained in paragraph nineteen of the Complaint.

20. The Credit Union denies the allegations contained in paragraph twenty of the Complaint.

21. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint. And further answering, the Credit Union states that it has not provided a copy of the "mortgage portfolio concerning 15 Quarry Lane…" to the Plaintiff.

22. The Credit Union admits the allegations contained in paragraph twenty-two of the Complaint.

23. The Credit Union denies the allegations contained in paragraph twenty-three of the Complaint. And further answering, the Credit Union admits that the Plaintiff was not eligible to be a candidate for election to the Credit Union's Board of Directors in April, 2005, because he had a bankruptcy which occurred during the five (5) years prior to his candidacy request.

24. The Credit Union denies the allegations contained in paragraph twenty-four of the Complaint.

25. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Complaint.

26. The Credit Union denies the allegations contained in paragraph twenty-six of the Complaint.

27. The Credit Union incorporates its responses to paragraphs one through twenty-six above as if fully set forth herein.

28. The Credit Union denies the allegations contained in paragraph twenty-eight of the Complaint.

29. The Credit Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Complaint.

30. The Credit Union admits that it did not tender a settlement offer to the Plaintiff. And further answering, the Credit Union states that the Plaintiff's claims, as set forth in the Complaint, do not merit or require an offer of settlement.

31. The Credit Union incorporates its responses to paragraphs one through thirty above as if fully set forth herein.

32. The Credit Union denies the allegations contained in paragraph thirty-two of the Complaint.

33. The Credit Union incorporates its responses to paragraphs one through thirty-two above as if fully set forth herein.

34. The Credit Union denies the allegations contained in paragraph thirty-four of the Complaint.

35. The Credit Union denies the allegations contained in paragraph thirty-five of the Complaint.

36. The Credit Union denies the allegations contained in paragraph thirty-six of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each count therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred to the extent that Plaintiff has failed to bring this action in the time required by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege that the Credit Union in any way committed an unfair and deceptive act or practice in violation of M.G.L. Chapter 93A.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff did not suffer any damage as a result of the Credit Union's conduct.

### FIFTH AFFIRMATIVE DEFENSE

There is no proximate cause between the conduct of the Credit Union and any damages or injuries sustained by the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, or in any event, the Plaintiff's recovery must be reduced pursuant to the doctrines of comparative and/or contributory negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The damage or injuries allegedly sustained by the Plaintiff are the result of the negligence or conduct of a person, persons or entities for whom the Credit Union is not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

The costs incurred for damages sustained by the Plaintiff were the result, in whole or in part, of Plaintiff's own neglect, want of due care and fault.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate any injuries or damages allegedly sustained.

### TENTH AFFIRMATIVE DEFENSE

If the Plaintiff was injured or harmed as alleged, which the Credit Union denies, then such injuries or harm were caused by the intervening and/or superseding acts of others for whom the Credit Union has no control, or for whose acts the Credit Union is not legally answerable.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from asserting claims pursuant to M.G.L. Chapter 93A because he has failed to meet the jurisdictional prerequisites thereof and, in particular, he has failed to serve a written demand for relief as required by M.G.L. Chapter 93A.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's M.G.L. Chapter 93A count fails to state a claim upon which relief may be granted because the Credit Union's alleged actions are not within the scope of M.G.L. Chapter 93A.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred because the Plaintiff misidentified the Credit Union.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint must be dismissed because this Court lacks subject matter jurisdiction.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Credit Union made no factual statements of and concerning the Plaintiff which are defamatory or untrue.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief can be granted because Plaintiff cannot establish publication.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any statements that the Credit Union made concerning the Plaintiff were statements of opinion based upon disclosed facts and, as a result, cannot be defamatory as a matter of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Credit Union reserves the right to asset all defenses which may be pertinent to the Plaintiff's claims once the precise nature of such claims is ascertained through discovery.

WHEREFORE, MBTA Employees Credit Union prays that judgment be entered in this action:

(a) Dismissing the Plaintiff's Complaint against the Credit Union;

(b) Awarding the Credit Union its costs, expenses and attorneys' fees in connection with defending this action; and

(c) Such other and further relief as this Court deems appropriate and just.

MBTA EMPLOYEES CREDIT UNION DEMANDS A TRIAL BY JURY ON ALL CLAIMS TO WHICH IT IS SO ENTITLED.

**MBTA EMPLOYEES CREDIT UNION,**
by its attorneys,

　　　/s/   *Peter C. Netburn*　　　
Peter C. Netburn, BBO 546935
HERMES, NETBURN, O'CONNOR
　　& SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050
Dated:  February 15, 2006　　　(617) 728-0052 (F)


### CERTIFICATE OF SERVICE

　　I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 15, 2006.

　　　/s/  *Peter C. Netburn*　　　
Peter C. Netburn

G:\DOCS\PCN\Cumis\MBTAECU\Pleadings\Answer.doc