UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                      DOCKET NUMBER: 05-CV-11349-RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*         **MOTION**
RICHARD LIVINGSTON                        \*        Pro Se, Plaintiffs
        Plaintiff, Pro Se          \*        Request for Guidance
        Vs.                             \*        of the Court
MBTA Employees Credit Union          \*        L.R. 7.1
        Defendants                \*        Fed. R. Civ. P. 12
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    Pursuant to Local Rule 7.1, Motion Practice ; Federal Rule of Civil Procedure Rule 12, Motions, the Plaintiff, Pro Se, Richard Livingston asks this honorable Court, in order to avoid Local Rule 1.3, Sanctions, guidance in the Plaintiff, Pro Se, Richard Livingston interpretation and application of the procedural mechanics of the Court; the written and verbal directive of the Honorable Judge Reginald C. Lindsay, which instructed the Plaintiff, Pro Se, Richard Livingston to be guided by the Local Rules in all matters; specifically, L.R 26.2 .

    The Plaintiff, Pro Se, Richard Livingston asks guidance from the Court for the following reasons:

    1.    Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union has made two written statements to the Plaintiff, Pro Se, Richard Livingston that: *first* - "In light of the forgoing, the Credit Union will not respond to your Request for Production", communiqué / written, Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union to Plaintiff, Pro Se, Richard Livingston, May 9th, 2006", *second* -"Accordingly the Credit Union will not respond to your Second Request for Production" communiqué / written, Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union to Plaintiff, Pro Se, Richard Livingston, May 16th, 2006"
                                                                    (*See Supporting Document Marked*: A& B)

2.     to date, May 22, 2006, Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union has not exchanged documents, information, etc. with the Plaintiff, Pro Se, Richard Livingston

3.     the Court has generously allowed extension of time at the request of Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union to make Disclosure/Discovery from May 11, 2006 to June 5, 2006

4.     the extension of time is now running (UNPRODUCTIVELY) because, Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union will not provide the Plaintiff, Pro Se, Richard Livingston with exchange of Disclosure/Discovery, documents, information, etc

5.     Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union harasses the Plaintiff Pro Se, Richard Livingston for his lack of professional credentials (membership to the Bar), "… you are not a member of either the Massachusetts or the U.S. District Court Bars,…." "communiqué / written, Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union to Plaintiff, Pro Se, Richard Livingston, May 16th, 2006"
                                            See Supporting Document Marked B

6. Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union's lack of cooperation is unduly burdensome on the Plaintiff, Pro Se, Richard Livingston who is not everyday familiar with the mechanics of the court

7. the Plaintiff, Pro Se, Richard Livingston is being barred by Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union from presenting his claim

8. the Plaintiff, Pro Se, Richard Livingston has provided Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union, with Disclosure/Discovery:
    a.   Plaintiff's 1st Request for Production of Documents/Discovery/Disclosure May 9, 2006
          Filed in ERROR with the Court / Corrected, Resubmitted to Defendant, May 19, 2006
    b.   Plaintiff's has in one form or another asked five times for Disclosure production of Documents
          May 13, 2006      See Supporting Document Marked C
    c.   Plaintiff's Response to Defendant Request for Disclosure/Discovery See Support documentation marked E.
    d.   Plaintiff's Response to Defendant Request for Disclosure/Discovery
       . Names and Addresses of Parties
       . Documents
       . Plaintiff's Computation of Damages AND – CORRECTED AT REQUEST OF DEFENDANT, MAY 15, 2006, INCLUDING SUPPORTING DOCUMENTS TO SUPPORT COMPUTATION OF PLAINTIFF'S DAMAGES AND SUBJECT OF PARTIES, AND – REPRESENTED AGAIN TO DEFENDANT ON:     May 19 2006

9. the Plaintiff, Pro Se, Richard Livingston has interpreted and tracked the Local Rules as such:

1. Honorable Judge Reginald C. Lindsay Directive to Plaintiff, Pro Se, Richard Livingston and Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union L.R16.1/Fed. R. Civ. P. 16(b) TO:
2. Joint Statement D(2) - Joint Discovery Plan TO:
3. Joint Statement D(2)(a) - …Conform to Obligation to Limit…TO:
4. Fed. R. Civ. P 26(b) - Discovery, Scope, and Limits TO:
5. L.R 26.2 - Sequence of Discovery TO:
6. L.R 26.2(A) - Automatic Required Disclosure TO:
7. Fed. R. Civ. P. 26(a)(1) – Initial Disclosure TO:
8. L.R 26.1 (b)(1)(a-d) – Disclosure Orders
   - LOCAL RULE ADOPTED BY THE COURT -

In conclusion, the Plaintiff, Pro Se, Richard Livingston takes seriously the Honorable Judge Reginald C. Lindsay's instructions to be guided by the Local Rules and has made every effort "… to comply with directions or obligations set forth in … …Local Rules," *L.R. 1.3 Sanctions*. Very short time is left to exchange Disclosure/Discovery materials. The Plaintiff, Pro Se, Richard Livingston has done his due diligence to fulfill his obligation to make timely Disclosure/Discovery of materials to Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union. The Plaintiff, Pro Se, Richard Livingston has provided Peter C. Netburn, Attorney for the Defendant MBTA Employees Credit Union with Disclosure/Discovery materials.

*WHEREFORE*, at this time, the Plaintiff, Pro Se, Richard Livingston, asks the Honorable Court to evaluate the Plaintiff, Pro Se, Richard Livingston's interpretation of Honorable Judge Reginald C. Lindsay's instructions to the parties to adopt the LOCAL RULE in order to avoid Rule 1.3 to salvage and make productive the generous time set forth by the Court to exchange Disclosure/Discovery documents, information, etc. by June 5th, 2006.

Date  May 22, 2006

617-698-4333 HM
Attachments: Supporting Doc. to Motion

Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
Milton, Massachusetts 02186-2009

3

## CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day **May 22th, 2006** notified Peter C. Netburn, Esq. of **Hermes, Netburn, O'Connor & Spearing, P.C.** 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {**MBTA Employees Credit Union,** South Boston, Massachusetts} by United States Postal Service **Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113**

Date   **May 22th, 2006**         *[signature]*
                                  Richard Livingston
                                  149 Warren Avenue,
                                  Milton Massachusetts 02186-2009

617-698-4333 HM

**Attachments:  Supporting Doc. to Motion**

# MOTION
**Pro Se, Plaintiffs**
**Request for Guidance**
**of the Court**
L.R. 7.1
Fed. R. Civ. P. 12


# Plaintiff's
**Memorandum**
**of Reason**
L.R. 7.1,(b)(1)

# Plaintiff's
**Affidavit**
L.R. 7.1,(a)(2

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                    DOCKET NUMBER 05-CV-11349-RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **RICHARD LIVINGSTON** | \* | **MEMORANDUM** |
| **Plaintiff, Pro Se** | \* | **of** |
| Vs. | \* | **REASON** |
| **MBTA Employees Credit Union** | \* | Local Rule 7.1,(a)(2) & 7.1,(b)(1) |
| **Defendants** | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# MEMORANDUM of REASON

The Plaintiff, Pro Se, Richard Livingston seeks the Courts permission to file "Motion Requesting Guidance of the Court", for the following reasons:

Local Rule 1.3, Sanctions, imposes penalties for:
> "Failure to comply with any directions or obligations set forth in, or authorized by, these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer."

The Defendant, MBTA Employees Credit Union, is not cooperating with exchange of disclosure (in accordance with L.R 26.2(A), Automatic Required Disclosure) with the Plaintiff, Pro Se, Richard Livingston. The Plaintiff, Pro Se, Richard Livingston has made numerous requests to the Defendant, MBTA Employees Credit Union, for cooperation; *See Attachents A-B-C-D.*

In accordance with Local Rule, 7.1(a)(2), Motion Practice:
> "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

5

Plaintiff, Pro Se, Richard Livingston, has given written notification to the Defendant, MBTA Employees Credit Union, that the Defendant, MBTA Employees Credit Union, lack of cooperation leaves the Plaintiff with no alternative but to seek the Courts assistance. *See Attachment E* The Plaintiff, Pro Se, Richard Livingston, received no response from the Defendant, MBTA Employees Credit Union,, nor has the Defendant, MBTA Employees Credit Union, to this date, May 22, 2006, exchanged disclosure, in any form.

The Plaintiff, Pro Se, Richard Livingston, has made numerous attempts to coax the Defendant, MBTA Employees Credit Union, to exchange documents. At this time, in spite of the fact that, the Court has allowed an extension of time from May 11, 2006 to June 5, 2006, the Plaintiff, Pro Se, Richard Livingston has received nothing, no exchange of any form of disclosure. The Defendant, MBTA Employees Credit Union, is not "acting in good faith to resolve the issue". The Plaintiff, Pro Se, Richard Livingston attaches certification in support of the fact that he has "attempted in good faith to resolve the issue." *L.R 7.1(a)(2) See Plaintiff's Certified Affidavit*

As a matter of public policy, imbalance of powers, and considering the parties resources, the Plaintiff, Pro Se, Richard Livingston's, Motion Requesting Guidance of the Court should be allowed to be filed with the Court.

Date May 22, 2006

Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
Milton, Massachusetts 02186-2009

617-698-4333 HM
Attachments: Supporting Doc. to Motion

6

**EXHIBIT A**

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER
**(617) 210-7720**

May 9, 2006

Mr. Richard Livingston
149 Warren Avenue
Milton, MA 02186-2009

RE: Richard Livingston v. MBTA Employees Credit Union
Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Richard:

I acknowledge receipt of your May 8, 2006 filing correspondence with accompanying "Plaintiff's First Request for Production of Documents." By serving this Request, I assume that you understood neither the phasing proposal that I made to the Court in connection with the April 26, 2006 Scheduling Conference nor the Court's adoption of that proposal and Order.

The Court ordered that the parties exchange Initial Disclosures by June 5, 2006. Such Disclosures include the documents to be produced pursuant to Fed. R. Civ. P. 26(a)(B)-(C). I addressed this issue in my April 27, 2006 correspondence which, according to your recent electronic mail, you did not receive until Friday, May 5, 2006. I expect to serve the Credit Union's disclosures as required, and to make available those documents that the Credit Union is required to produce pursuant to the above-referenced Rule, on or before June 5, 2006. You must make such Disclosures and production on or before June 5, 2006 as well. As indicated previously, the Credit Union would like a copy of all documents that you are required to produce.

Your Request for Production is inappropriate at this time for at least two reasons. First, Fed. R. 26.2 provides, in applicable part, that "unless otherwise ordered by such a judicial officer, before a party may initiate discovery, that party must provide to the other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1)." To date, you have not made your disclosures. More importantly, however, District Judge Lindsay agreed to the Credit Union's proposal that the parties would not be permitted to engage in additional discovery (i.e., discovery beyond the Rule 26(a)(1) Initial Disclosures) until further order of the

HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

Mr. Richard Livingston
May 9, 2006
Page two

Court. Specifically, the Court set a dispositive motion briefing schedule and District Judge Lindsay indicated that he would hold a second Scheduling Conference, if and when such Conference were necessary, after he acted upon the Credit Union's dispositive motion.

In light of the foregoing, the Credit Union will not respond to your Request for Production. The Credit Union will, however, serve its Initial Disclosures as required and I expect that you will do so as well. Please respond to the issues raised in my April 27, 2006 letter to you.

Very truly yours,

Peter C. Netburn

PCN/mag

cc:  Gary J. Kravetz, Esquire (with copy of 5/8/06 Livingston letter and accompanying Request for Production)

G:\DOCS\PCN\Cumis\MBTAECU\Letters\Livingston6.doc

**EXHIBIT B**

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER
(617) 210-7720

May 16, 2006

Mr. Richard Livingston
149 Warren Avenue
Milton, MA 02186-2009

RE: Richard Livingston v. MBTA Employees Credit Union
    Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Mr. Livingston:

     I acknowledge receipt of your May 12, 2006 correspondence with accompanying document entitled "DISCOVERY Plaintiff's Second Request for Production of Documents." With respect to this discovery request, I refer you to my May 9, 2006 correspondence and in particular, the third paragraph thereof. Once again, you are attempting to engage in discovery beyond the Initial Disclosures. District Judge Lindsay agreed to the Credit Union's proposal that the parties would not be permitted to engage in discovery beyond the Rule 26(a)(1) Initial Disclosures until further Order of the Court. Accordingly, the Credit Union will not respond to your Second Request for Production. District Judge Lindsay ordered that the parties exchange the documents produced as part of their Rule 26(a)(1) Initial Disclosures on or before June 5, 2006. Rule 26(a)(1) is quite specific as to which documents must be produced. Your so-called First and Second Request for Productions are separate and different from the Rule 26(a)(1) Disclosures. Rather, these documents are Rule 34 Requests which are premature given District Judge Lindsay's ruling.

     The third paragraph of your May 12, 2006 indicates that: "[y]ou continually make reference in your communications that I am not cooperating which is patently false and unbecoming your profession." I reread my May 9, 2006 letter to you and I see no reference to an accusation that you are not cooperating. Moreover, your reference to statements contained in my May 9th letter to you as being inconsistent with your attempted filings on May 9th are misplaced. I did not receive the documents that you attempted to file on May 9th until May 10th. Obviously, your May 9th mailing to me crossed in the mail with my May 9th correspondence to you.

HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

Mr. Richard Livingston
May 16, 2006
Page 2

With respect to the documents listed in the second paragraph of your May 12, 2006 letter, along with the statements set forth in the fourth and fifth paragraphs of that correspondence, I refer you to my May 15, 2006 letter to you, which I trust is self-explanatory.

Finally, please refrain from engaging in *ad hominem* attacks on my professionalism. While I understand that you are not a member of either the Massachusetts or the U.S. District Court Bars, you are expected to conduct yourself in a civil and courteous manner. Your lack of familiarity with the applicable Rules and procedures, and your frustration as a result thereof, do not justify your caustic comments.

Very truly yours,

Peter C. Netburn

PCN/mag

cc: Gary J. Kravetz, Esquire (with copy of 5/12/06 Livingston letter and Plaintiff's Second Request)

G:\DOCS\PCN\Cumis\MBTAECU\Letters\Livingston8.doc

**EXHIBIT C**

May 13, 2006
Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
Milton, MA. 02186-2009

Peter C. Netburn, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
165 Franklin Street, Seventh Floor
Boston, MA. 02110-3113

RE: <u>Richard Livingston v. MBTA Employees Credit Union</u>         **INITIAL**
    Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)          **DISCLOSURES**

Dear Attorney Netburn,

    Pursuant to time stipulation set forth by the court June 5th, 2006, ; Honorable Reginald C. Lindsay's directive ; LR / Fed. R. Civ. P. 26(a)(1), General Provisions Governing Discovery; Duty of Disclosure. The Plaintiff, Pro Se, Richard Livingston request the following documents and information:

    (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

    (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; and –

1. any and all documents held by the Defendant MBTA Employees Credit Union that members are entitled to
2. any and all documents held by the Defendant MBTA Employees Credit Union that the public is entitled to
3. any and all documents held by the Defendant MBTA Employees Credit Union that the court is entitled to
4. any and all MBTA Employees Credit Union's Liability Insurance bond/policy
5. any and all MBTA Employees Credit Union's Board of Directors Liability Insurance bond/policy

Thank you for your courtesy and cooperation.

Respectfully,
Richard Livingston

# EXHIBIT D

May 19, 2006
Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
Milton, MA. 02186-2009

Peter C. Netburn, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
165 Franklin Street, Seventh Floor
Boston, MA. 02110-3113

RE: Richard Livingston v. MBTA Employees Credit Union
    Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Attorney Netburn,

I acknowledge receipt of your May 15, 2006 correspondence which you have taking umbrage to my May 9th, 2006 "Initial Disclosure's" and have critiqued and returned to me with your editorial comments, thank you for pointing out the deficiencies. The Plaintiff, Pro Se, Richard Livingston prepared the following documents regarding Discovery Materials, which were sent to you via certified mail on May 8th & 9th 2006 respectively:
- Plaintiff's First Request for Production of Documents, May 8, 2006
- Plaintiff's Response to Questions Propounded by the Defendant, May 9, 2006
- Plaintiff's Response to Defendant's Request for Documents, May 9, 2006
- Plaintiff's Response to Defendant's Request for Computation of Plaintiff's Damages, May 9, 2006

In an effort to be clear, concise and leaving no ambiguity the aforesaid documents were prepared by the Plaintiff, Pro Se, Richard Livingston, pursuant to time stipulation set forth by the Court June 5th, 2006, ; Honorable Reginald C. Lindsay's directive to be guided by Local Rule.

   * Plaintiff, Pro Se, Richard Livingston continues to review documents in a mutual effort to complete disclosure.        *(SEE EXHIBIT C)*

   Plaintiff, Pro Se, Richard Livingston, appreciates the fact that your "letter was intended merely to remind you of your disclosure obligations." May I take this time in the same mutual effort and spirit of cooperation to subtly remind the Defendant that they to have the same obligation to exchange documents. The Defendant to date has NEVER given the Plaintiff, Pro Se Livingston any documents or responded to the Plaintiffs request for production of Documents.

   The Plaintiff, Pro Se, Richard Livingston request the following documents and information title; "Plaintiff's First, Second, Third, and now Fourth Request for "Initial Disclosure" *otherwise known in error* Plaintiff's Request for Production of Documents, May 19, 2006". The Defendant MBTA Employees Credit Union is not cooperating with

the flow of documents, correspondence, emails, phone logs, etc... surrounding the disseminations of my personal and confidential financial information.

It appears that all of your communications chastise the Plaintiff for the very thing the Defendant has, and continues to do to avoid disclosure. It has been quite evident the Defendant MBTA Employees Credit Union is unwilling to make "Initial Disclosure" or you would have done so a long time ago (for instance in your April 27th, 2006 written communiqué notifying Plaintiff of his obligation to disclose). The Plaintiff, Pro Se, Richard Livingston will not be bogged down by the Defendant MBTA Employees Credit Unions uncooperative behavior. If MBTA Employees Credit Union honored Plaintiff's Request for "Initial Disclosure" aka Production of Documents, May 8, 2006 we could have wrapped up disclosure by now.

Thank you for your courtesy and cooperation.

Respectfully,

*Richard Livingston*
Richard Livingston
Plaintiff, Pro Se

Attachments/Enclosures:
1.) Plaintiff's Fourth Request for "Initial Disclosure" aka Plaintiff's request for Production of Documents, May 19, 2006
2.) Plaintiff's Fifth Request for Disclosure May 13, 2006
3.) Request of Defendant for Plaintiff to make correction inserting subject information
4.) Request of Defendant for Plaintiff to make correction to include documentation
5.) EXHIBIT C  Letter to SJC Attorney

**EXHIBIT E**

May 18, 2006
Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
Milton, MA. 02186-2009

Peter C. Netburn, Esq.
Hermes, Netburn, O'Connor & Spearing, P.C.
165 Franklin Street, Seventh Floor
Boston, MA. 02110-3113

RE: <u>Richard Livingston v. MBTA Employees Credit Union</u>
Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Attorney Netburn:

I acknowledge receipt of your May 16, 2006 correspondence. Honorable, Judge Reginald C. Lindsay was clear, concise and emphatic when he articulated his instruction to both Plaintiff Pro Se and Attorney for the Defendant, that he uses Local Rules in his court and instructs us (both) to follow the Local Rules.

The Plaintiff, Pro Se, has followed Honorable, Judge Reginald C. Lindsay, written and oral instructions from the court: Part D(2)(a) which directs to: Fed. R. Civ. P. 26(b) "Discovery, Scope and Limits" to: Local Rule 26.2 Sequence of Discovery to: Local Rule 26.2(A), Automatic Required Disclosure compels the Defendant to..."provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1) "Initial Disclosure".

Thus far, you have ignored my request for exchange of documents! I have timely responded to your request for exchange of documents and other information. This badgering exchange of correspondence is a way to run the clock wasting valuable time that we could use to review and exchange material.

The fact that I am a Pro Se litigant and "not a member of either the Massachusetts or U.S. District Court Bars" does not deny me the right to present my case before the United Stated District Court, First Circuit.

Your bold statement in your correspondence of May 9, 2006 in which you state: "...the Credit Union will not respond to your Request for Production." - forces me to seek relief from the court.

Respectfully,

Richard Livingston
Plaintiff, Pro Se,

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                    DOCKET NUMBER 05-CV-11349-RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RICHARD LIVINGSTON                  *        AFFIDAVIT
            Plaintiff, Pro Se       *
        Vs.                         *
MBTA Employees Credit Union         *
            Defendants              *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# *AFFIDAVIT*

I, Richard Livingston, Plaintiff, Pro Se on this 22nd day of May, 2006 state, claim, certify that I have made numerous attempts in good faith to resolve the issues stated in Plaintiff's Memorandum of Reason, dated, May 22, 2006 by written communication to Defendant, MBTA Employee Credit Union through Attorney, Peter C. Netburn in order to obtain disclosure/discovery materials.

Date May 22, 2006

_____
Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
617-698-4333 HM                        Milton, Massachusetts 02186-2009
Attachments: Supporting Doc. to Motion

Date May 22, 2006

_____
Notary Public of Commonwealth of Massachusetts
My Commission Expires: May 9, 2008

7