## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
**RICHARD LIVINGSTON,**                   )
                                          )
**Plaintiff,**                            )
                                          )
**v.**                                    )        **C.A. No. 05-CV-11349-RCL**
                                          )
**MBTA EMPLOYEES**                        )
**CREDIT UNION,**                         )
                                          )
**Defendant.**                            )
_____)

### MBTA EMPLOYEES CREDIT UNION'S RESPONSE TO
### "PLAINTIFFS REQUEST FOR GUIDANCE OF THE
### COURT L.R. 7.1 FED. R. CIV. P. 12"

MBTA Employees Credit Union (the "Credit Union") responds to Plaintiff's "Request

for Guidance of the Court L.R. 7.1 Fed. R. Civ. P. 12" and "Memorandum of Reason" (the

"Request" and "Memorandum," respectively) as follows:[1]

1.      The Plaintiff's Request is based upon a fundamental misunderstanding of the

Federal Rules of Civil Procedure, the Local Rules and the Court's rulings during the April 26,

2006 Scheduling Conference.  Unfortunately, the Plaintiff is becoming frustrated, presumably

due to his unfamiliarity with the Court's Rules and procedures, and he is becoming belligerent in

his written communications to counsel for the Credit Union.

2.      As required by the Court's Notice of Scheduling Conference and Additional

Matters, the parties filed a Joint Statement (Document No. 13) on April 20, 2006.  In the Joint

---

[1] Accompanying the Request and the Memorandum is an Affidavit wherein the Plaintiff certifies that he made numerous attempts in good faith to resolve the issues raised by the Request.  The Plaintiff's certification is inaccurate.  The Plaintiff made no effort to confer with counsel for the Credit Union as required by L.R. 7.1(A)(2). The Plaintiff did not call or otherwise attempt to speak counsel for the Credit Union and in fact, Exhibits "D" and "E" to the Memorandum, which are letters written by the Plaintiff to counsel for the Credit Union dated May 19, 2006 and May 18, 2006 [sic], respectively, were not delivered to the Credit Union's attorney until after the Plaintiff filed the Request with the Court.

Statement, the Credit Union set forth a proposed phasing such that the parties would exchange

Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.2(A) on or before June 5,

2006. Subsequently, the Credit Union would be permitted to file a dispositive Motion (i.e.,

Motion for Summary Judgment), which Livingston will oppose. The Credit Union believes that

its Motion for Summary Judgment will either resolve the entire case or, at the least, narrow

significantly the issues in dispute, along with the attendant scope of reasonable discovery. The

Credit Union believes that this is the most cost-efficient manner in which to proceed. In the

event that the Credit Union's Motion does not result in the dismissal of all of Livingston's

claims, then the parties propose that the Court schedule a second Scheduling Conference for the

purpose of implementing a tailored discovery plan. The purpose for this approach is to limit the

scope of the initial discovery to the Automatic Disclosures only and to avoid what is likely to be

unnecessary time consuming and expensive additional discovery activities. The Plaintiff did not

oppose the Credit Union's proposal.

       3.      The Court adopted the Credit Union's proposed phasing plan, limiting the initial

discovery to the Automatic Disclosures and ordering that Automatic Disclosures were due by

June 5, 2006. In response to counsel for the Credit Union's concerns, the Court ordered further

that "Plaintiff to produce documents for the defendant to copy by 6/5/06." The Court ordered

that the Credit Union file its dispositive Motion by July 17, 2006 and that a response to the

Motion was due by August 7, 2006.

4.       Contrary to the Court's Order and Fed. R. Civ. P. 26.2, on May 8, 2006, the

Plaintiff served on counsel for the Credit Union "Plaintiff's First Request for Production of

Documents" which contains 59 separate requests.[2]

5.       On May 9, 2006, the Plaintiff attempted to file with the Court the following three

documents:

     a.      "Discovery – Plaintiff's Response to Questions Propounded by the
Defendant;"

     b.      "Discovery – Plaintiff's Response to Defendant's Request for
Documents;" and

     c.      "Discovery – Plaintiff's Response to Defendant's Request for
Computation of Plaintiff's Damages."[3]

It appears that these documents were intended to collectively constitute the Plaintiff's initial

disclosures pursuant to Fed. R. Civ. P. 26(a)(1).[4]

6.       Counsel for the Credit Union has informed the Plaintiff repeatedly that the Credit

Union will make its Initial Disclosures on or before June 5, 2006, as required by the Court.  The

Credit Union has every intention of making its initial disclosures in a timely fashion.  Moreover,

counsel for the Credit Union has requested on several occasions that the Plaintiff make available

all of the documents subject to production pursuant to Fed. R. Civ. P. 26(a)(1) for copying.

Counsel for the Credit Union has asked the Plaintiff whether he would like to review the Credit

---

[2] The Credit Union has indicated to the Plaintiff that it does not intend to respond to this Request for Production of Documents, or the same Request which was served two additional times bearing the titles "Plaintiff's Second Request for Production of Documents" and "Plaintiff's Fourth Request for Initial Disclosure" because all discovery beyond the Rule 26(a)(1) Initial Disclosures has been deferred by the Court until after the Court acts upon the Credit Union's anticipated Motion for Summary Judgment.

[3] Plaintiff's "Discovery" documents were returned pursuant to L.R.26.6(A).

[4] The Credit Union has informed the Plaintiff that the foregoing documents, if intended to constitute Initial Disclosures, are defective.  Among other deficiencies, the Plaintiff produced a mere 20 documents which would seem to be woefully inadequate given the Plaintiff's representation that he had received approximately two boxes of materials from the Massachusetts Supreme Judicial Court in connection with his former attorney, William Gately, who is no longer licensed to practice law.  Subsequently, the Plaintiff has produced additional documents.  In total, the Plaintiff's document production consists of less than two (2) inches of paper.

Union's Initial Disclosure document production at counsel's office during regular business

hours, or whether the Plaintiff would rather be provided with a copy of the Credit Union's Initial

Disclosure production.  The Plaintiff has not informed counsel for the Credit Union as to whether

he wishes to review the documents at a mutually convenient time or have the documents copied

at the Plaintiff's expense.

7.    There is no issue for the Court to decide at this juncture.  While the Credit Union

anticipates that judicial intervention may be necessary because it is possible that the Plaintiff

may not comply with his Initial Disclosure obligations, that issue is not ripe.  The Credit Union

will make its Initial Disclosures as required by the Court and, pending receipt of the Plaintiff's

complete Initial Disclosures, the Credit Union anticipates filing its Dispositive Motion on or

before July 17, 2006.

**MBTA EMPLOYEES CREDIT UNION,**

By its attorneys,

_/s/  Peter C. Netburn_

Peter C. Netburn, BBO 546935
HERMES, NETBURN, O'CONNOR
     & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050

Dated:  June 2, 2006                              (617) 728-0052 (F)

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the
registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those
indicated as non registered participants on June 2, 2006.

_/s/  Peter C. Netburn_

Peter C. Netburn

G:\DOCS\PCN\Cumis\MBTAECU\Pleadings\Response.Request.for.Guidance..doc