UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**RICHARD LIVINGSTON,**             )
                                    )
    **Plaintiff,**                )
                                    )
v.                                  )    C.A. No. 05-CV-11349-RCL
                                    )
**MBTA EMPLOYEES**                  )
**CREDIT UNION,**                   )
                                    )
    **Defendant.**               )
_____)


**MBTA EMPLOYEES CREDIT UNION'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION**

    MBTA Employees Credit Union (the "Credit Union") responds to Plaintiff's Motion for Sanction as follows[1]:

    1.    In support of his Motion, Plaintiff states that:

The Defendant, MBTA Employees Credit Union has failed to comply with the directive and obligations set forth by the court in accordance with Local Rule 26.1 (b)(1)(a-d) [sic].

---

[1] Plaintiff filed his Motion on June 6, 2006. The Motion makes reference to supporting exhibits "EXAMPLE A-F." The undersigned received a copy of the Motion through the ECF System on June 6th. The undersigned also received a Clerk's Notice through the ECF System that a document, presumably the exhibits, could not be scanned. On June 7, 2006, the undersigned received from Plaintiff a copy of the Motion with what appear to be the supporting documents. Missing from the supporting documentation was "EXAMPLE F."

    Curiously, on June 8, 2006, the undersigned received four (4) pages from the Plaintiff which were mailed on June 7th. The first page consists of a handwritten note bearing a Clerk's filing stamp dated June 7, 2006 (3:15 p.m.) and the typed words "EXHIBIT (EXAMPLE F)." The note reads "Peter, Rec'd you [sic] note and went to the court to get this copy for you  Rich." The second page of the document purports to be an Affidavit pursuant to L.R. 7.1 dated June 7, 2006. The remaining two (2) pages of the document are a "Memorandum of Reason" dated June 7, 2006. None of these materials were included in Plaintiff's original Motion submission; nor could they be, because they were dated June 7th. It appears that Plaintiff was attempting to belatedly comply with the form, but not the substance, of L.R. 7.1.

2. As required by the Court's Order, the Credit Union served its Rule 26(a)(1) Initial Disclosures on June 5, 2006. In his June 5, 2006 cover correspondence to Plaintiff, the undersigned indicated as follows:

> Enclosed is a copy of the MBTA Employees Credit Union's Initial Disclosures. As I indicated in my April 27, 2006 correspondence, the documents to be produced consist of about five to six inches of paper. I note that several inches of these documents consist of account statements which may, or may not, interest you. In any event, please advise me as to your preference with respect to the Credit Union's documents. If you would like to do so, then you may review the documents at my office, at a mutually convenient time, during normal business hours (i.e., 9:00 a.m. to 5:00 p.m.), and identify those documents, if any, that you would like to have copied. Subsequently, we will arrange to have the documents copied, at your expense, and I will either mail them to you or you can pick them up. Alternatively, I will arrange to have the Credit Union's documents copied by an outside copy service, at your expense.

3. On June 6, 2006, the undersigned counsel received from Plaintiff a letter dated June 3, 2006 wherein Mr. Livingston requested a copy of the documents produced pursuant to the Credit Union's Initial Disclosures. The documents were delivered to an outside copy service on June 6, 2006 and mailed to Plaintiff by Priority Mail on June 7, 2006.

4. Plaintiff's motion is baseless. The Credit Union served its Initial Disclosures as required.

5. Plaintiff's Motion should also be denied pursuant to L.R. 7.1(A)(2). Plaintiff filed the Motion without attempting to confer with counsel as required. The document purporting to be a L.R. 7.1 Affidavit was filed on June 7, 2006, <u>after</u> Plaintiff filed the Motion, and implies a communication with the undersigned that had not transpired either before he filed the Motion or before he filed the Affidavit. In fact, Plaintiff called the undersigned at 5:47 p.m. on June 7th, after having filed the Affidavit. The telephone conversation lasted for approximately three (3) minutes during which the undersigned informed Plaintiff that the Initial Disclosures had been

served, as required, on June 5, 2006.[2]  Plaintiff informed the undersigned that he was receiving another telephone call and hung up.  In any event, the Motion should be denied because Plaintiff would have been aware that the Credit Union had served its Initial Disclosures in a timely manner if he had complied with L.R. 7.1(A)(2) and conferred with counsel to resolve the issue.

      6.      The Court should deny Plaintiff's Motion and enter an Order requiring that Richard Livingston pay the legal fees and costs associated with responding to the Motion which was filed for an improper purpose and to improperly increase the cost of litigation.  *See* Fed R. Civ. P. 11(c)(1)(B).

WHEREFORE, the MBTA Employees Credit Union requests that this Honorable Court:

      1.      Deny Plaintiff's Motion for Sanction;

      2.      Enter an Order that the Plaintiff pay the legal fees and costs associated with the Credit Union's response to Plaintiff's Motion for Sanction; and

---

[2] During the brief June 7, 2006 telephone conversation, Plaintiff acknowledged receiving the Credit Union's Initial Disclosures earlier that day.  However, Plaintiff advised the undersigned that the Credit Union had not served its Initial Disclosures in a timely manner because Plaintiff had not received the Initial Disclosures until June 7th.  Apparently, Plaintiff is unfamiliar with the provisions of Fed. R. Civ. P. and L.R. 5(b)(2)(B).

3. Such other and further relief as this Court deems appropriate and just.

**MBTA EMPLOYEES CREDIT UNION,**
by its attorneys,

/s/  *Peter C. Netburn*
Peter C. Netburn, BBO 546935
HERMES, NETBURN, O'CONNOR
 & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050
Dated:  June 9, 2006                        (617) 728-0052 (F)

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 9, 2006.

/s/  *Peter C. Netburn*
Peter C. Netburn

4