UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                   DOCKET NUMBER 05-CV-11349-RCL

*************************************
RICHARD LIVINGSTON          *
       Plaintiff, Pro Se   *
                                  *           **PRO SE, PLAINTIFF'S**
       Vs.                         *
                                  *           **REBUTTAL MOTION**
MBTA Employees Credit Union *
       Defendants            *           Fed. R. Civ. Pro, R.12, Motions
                                  *
*************************************

**PLAINTIFF, PRO SE, RICHARD LIVINGSTON'S REBUTTAL MOTION TO DEFENDANT, MBTA EMPLOYEES CREDIT UNION'S MOTION IN OPPOSITION TO PAINTIFF'S PRO SE MOTION TO SANCTION DEFENDANT, MBTA EMPLOYEES CREDIT UNION**

Pursuant to Federal Rule of Civil Procedure, R. 12, Motions, the Plaintiff, Pro Se refutes the Defendant, MBTA Employees Credit Union's Opposition to Plaintiff's Motion for Sanctions.

The Honorable Judge, Reginald Lindsay (from the bench) on April 26, 2006 verbally extended the time for exchange of Initial Disclosure from May 14th, 2006 to June 5th, 2006. This exception to the 14 day rule was to accommodate the Defendant's MBTA Employees Credit Union's request for extension of time to exchange "Initial Disclosure".

1. Defendant States:
   "Plaintiff filed his Motion on June 6, 2006… Missing from supporting documents was "[(Exhibit (Example F)]." *see Exhibit A*, 1st pg. Defendant MBTA Employees Credit Union's Motion in Opposition

2. Plaintiff Answers:
   - On June 6, 2006 the Plaintiff filed Motion for Sanction; inadvertently omitting {[(Exhibit (Example F)], Affidavit, Memorandum of Reason.

1

- Defendant notified the Plaintiff by email prior to Certified Mail/Certificate of Service delivery or ECF recording on June 6, 2006 at 9:43 pm informing the Plaintiff that …"I note that you did not certify", Defendant Comcast Electronic Mail, June 6, 2006. *see Exhibit B*

- On June 7, 2006 the Plaintiff attempted to submit cure defect of Motion for Sanction by filing AMENDED MOTION for SANCTION with all [Exhibits (Examples A to F)].

- Steve York, Assistant Clerk, U. S District Court, refused to docket (accept) Plaintiff's AMENDED MOTION for SANCTION but, did accept, stamp, docket, *see Exhibit C*, Affidavit, Memorandum of Reason. Steve York, directed, instructed the Plaintiff to forward the Affidavit and Memorandum of Reason to the Defendant because the Motion for Sanction had not been entered into the ECF Court System. The Plaintiff did send, in accordance with the Clerks directive to the Defendant, by Certified Mail. The Plaintiff was assured by Steve York that forwarding the above mentioned documents was sufficient and that it was not necessary to file an AMENDED MOTION with supportive [Exhibits (Examples A to F)] again. Steve York, further instructed, directed, the Plaintiff in the future to send any/all Motions to Plaintiff two days prior to filing with the Court?

3. Defendant States:
"As required by the Court's Order, the Credit Union served its Rule 26(a)(1) "Initial Disclosures" on June 5, 2006." Defendant neglects to inform the court of incomplete discovery that a five (5) page document was dropped in the US Postal Service on the fifth and not delivered to Plaintiff until June 7th, 2006 two days late incomplete and untimely.

Plaintiff Answers:
- The most cursory review of all of the Plaintiff's supporting documents to Motion for Sanction will show that the Defendant did not respond with exchange of Discovery by June 5, 2006 and did not intend to cooperate with the Plaintiff before or by June 5, 2006 as the Court had ordered. The Defendant asserted his arrogant stance when in electronic email of June 6, 2006 at 9:43 pm he stated: "…these documents were sent to a copy center today and I anticipate that they will be sent to you on June 7th or June 8th." Plaintiff received untimely multiple copies of the same documents (2, 3, & even 4 times) on June 8th, 2006. *see Exhibit D*. On June 9th, 2006 Plaintiff received a copy of an Insurance Policy. The Defendant expressed his disrespect of the Court and his lack of respect for Pro Se Plaintiff in written communication with the Plaintiff "…the Defendant will not respond to your request for production *see Exhibit E*, Defendants Letter, dated May 9, 2006. "…the Credit Union will not respond to your second request for production of Documents" *see Exhibit F*, May 16, 2006, these

statements speaks for themselves! The Defendant Employees Credit Union acted unprofessionally when they did not meet timeliness of the Court and did not appeal to the Court or the Plaintiff for an extension of time.

- The Defendant has from April 26, 2006 to June 5, 2006 thrown a wrench in the mechanics of the Court. The Defendant has deliberately caused irritating, vexatious delays. The Defendant has spent the Courts generous extension of time berating and belittling the Plaintiff on the telephone, in written correspondence, and in person - all for the Plaintiff's lack of professional status standing in the Court. The Defendant stated "…you are not a member of the Massachusetts or the U. S Court system", *see Exhibit F*, Defendant's communication of May 16, 2006

- The Defendant has made every effort to cast the Plaintiff in a bad light. The Plaintiff, Pro Se, Livingston, has and will continue to be the consummate gentleman and never hung up the telephone on the Defendant. The Plaintiff has appealed to the Court for guidance in order to avoid filing Motion for Sanctions or having the Defendant filing Sanctions against him.

- As a novice in the Court system the Plaintiff has honored the Court by meeting the Courts order to Disclose on or by June 5, 2006. The Plaintiff made first Initial Disclosure on May 9, 2006 and completed Initial Disclosure on May 23, 2006.

WHEREFORE, the Plaintiff asks this Honorable Court to impose sanctions on the Defendant who holds professional standing before the Court for the following reasons: The Defendant has misrepresented the frequency and style of communication. The Plaintiff made every effort to avoid filing Motion for Sanctions. The Defendant limited the Plaintiff as to hours of telephone communication, hours which conflicted with the Plaintiff's work schedule and the Plaintiffs care for ailing mother (Alzheimer's). The Defendant berated the Plaintiff for emails after the normal work hours and set the style of communication of which the Plaintiff abided by. The Constitution of the United States gifts all citizens with the right to present his/her claim without the obstruction of

3

members of the bar. In fact, Jefferson wrote "The true foundation of republican government is the equal right of every citizen in his person and property, and in their management." To which he added - the defense of private property is the standard by which "every provision" of law, past and present, shall be judged. *(Bergh, Albert Ellery, ed. "The Writings of Thomas Jefferson, 2d ed. rev." Washington Thomas Jefferson Memorial Association, 1907, p. 1532)*

In Conclusion, This is not about Plaintiff, Pro Se, Richard Livingston nor defendants Attorney Peter C. Netburn, esq. but the Federal Trade Commission Act ; Consumer Protection Privacy Rights Violations ; Bankruptcy Code Violations of the Defendant MBTA Employees Credit Union et al.

Date June 12, 2006

Richard Livingston, Plaintiff, Pro Se,
149 Warren Avenue
Milton, Massachusetts 02186-2009
617-698-4333 HM

Attached: Support Documents & Certificate of Service

### CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day June 12, 2006 notified Peter C. Netburn, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {MBTA Employees Credit Union, South Boston, Massachusetts} by United States Postal Service Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113

Date June 12, 2006

Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009
617-698-4333 HM

4