## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                         DOCKET NUMBER 05-CV-11349-RCL

**************************************

| | | |
|---|---|---|
| RICHARD LIVINGSTON | * | **MEMORANDUM** |
| Plaintiff, Pro Se | * | **of** |
| VS | * | **REASON** |
| | * | Local Rule 7.1, |
| MBTA Employees Credit Union | * | Motion Practice |
| Defendants | * | |

**************************************

# MEMORANDUM of REASON

The Plaintiff, Pro Se, Richard Livingston submits this Memorandum of Reason as

a prerequisite to filing Motion, seeking the Courts permission to file Rebuttal Motion to

Defendant, MBTA Employees Credit Union's Motion in Opposition to Plaintiff's Pro Se,

Motion to Sanction for the following reasons:

Local Rule 1.3, Sanctions, imposes penalties for:

> "Failure to comply with any directions or obligations
> set forth in, or authorized by, these Local Rules may
> result in dismissal, default, or the imposition of other
> sanctions as deemed appropriate by the judicial
> officer."

The Defendant, MBTA Employees Credit Union, has not cooperated with

exchange of Disclosure (in accordance with L.R 26.2(A), Automatic Required

Disclosure) with the Plaintiff, Pro Se, Richard Livingston. The generous time allowed by

the Court for the exchange of Disclosure had passed on June 5th, 2006 and Plaintiff had

received nothing in exchange on or by the dead line set forth by Honorable Judge

6

Reginald C. Lindsay. The Plaintiff, Pro Se, Richard Livingston has in good faith, attempted via certified mail to confer with the Defendant to resolve and coax the Defendant to timely Disclosure. The Pro Se Plaintiff, Richard Livingston has made numerous requests to the Defendant, MBTA Employees Credit Union, for cooperation in those letters.

In accordance with Local Rule, 7.1(a)(2), Motion Practice:

> "No motion shall be filed unless counsel certify
> that they have conferred and have attempted in
> good faith to resolve or narrow the issue."

Plaintiff, Pro Se, Richard Livingston, had contacted via phone at approximately 5:45 P.M. June 7, 2006 to the Defendant, MBTA Employees Credit Union, to inform them that Plaintiff was in receipt of a five (5) page document. The Defendant, MBTA Employees Credit Unions, representative answered the phone and started by chastising, berating and demanding that the Plaintiff withdraw his Motion to Sanction or else Defendant, MBTA Employees Credit Union would seek sanctions against the Plaintiff. The Plaintiff, Pro Se, Richard Livingston, listen intently to the Defendant, MBTA Employees Credit Union's Attorney for approximately five (5) to Seven (7) minute when call waiting interrupted. The Plaintiff, Pro Se with polite decorum ; manner ; the ethical behavior past down from his parents informed the Defendant, MBTA Employees Credit Union's Attorney that Plaintiff had to take an important call regarding his ailing (Alzheimer) mother.

At this time, in spite of the fact that the Court has allowed an extension of time from April 26th, 2006 to June 5, 2006, the Plaintiff, Pro Se, Richard Livingston has received on June 8th, 2006 untimely ten pounds of multiple copies of the same documents

7

heaped in a box with an invoice and demand notice for two hundred eighty nine dollars and one cent ($289.01). The Defendant, MBTA Employees Credit Union is not "acting in good faith to resolve the issue" if in style, form, substance and telephonic discussions has deliberately and intentionally set up an adversarial mode of communications, how do you narrow the issues? The Plaintiff, Pro Se, Richard Livingston attaches certification in support of the fact that he has "attempted in good faith to resolve the issue." *L.R 7.1(a)(2)*

*See Plaintiff's Certified Affidavit*

As a matter of justice, public policy; imbalance of powers; and considering the parties resources, the Plaintiff, Pro Se, Richard Livingston's, Motion for Sanctions should be allowed to be filed with the Court along with Plaintiff Rebuttal Motion to Defendants Motion in Opposition.

Date June 12, 2006

Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
Milton, Massachusetts 02186-2009
617-698-4333 HM

Attachments: Supporting Doc. to Motion

8

**EXHIBIT A**

## HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER
**(617) 210-7720**

June 9, 2006

Mr. Richard Livingston
149 Warren Avenue
Milton, MA 02186-2009

      RE:    Richard Livingston v. MBTA Employees Credit Union
                 Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Mr. Livingston:

      Enclosed is MBTA Employees Credit Union's Opposition to Plaintiff's Motion to Sanction which was filed today by electronic mail.

                              Very truly yours,

                              Peter C. Netburn

PCN/mag
Enclosure

cc:    Gary J. Kravetz, Esquire (with enclosure)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD LIVINGSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C.A. No. 05-CV-11349-RCL |
| | ) |
| MBTA EMPLOYEES | ) |
| CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## MBTA EMPLOYEES CREDIT UNION'S
## OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTION

MBTA Employees Credit Union (the "Credit Union") responds to Plaintiff's Motion for

Sanction as follows[1]:

1.     In support of his Motion, Plaintiff states that:

The Defendant, MBTA Employees Credit Union has failed to comply with the
directive and obligations set forth by the court in accordance with Local Rule 26.1
(b)(1)(a-d) [sic].

---

[1] Plaintiff filed his Motion on June 6, 2006. The Motion makes reference to supporting exhibits
"EXAMPLE A-F." The undersigned received a copy of the Motion through the ECF System on June 6th. The
undersigned also received a Clerk's Notice through the ECF System that a document, presumably the exhibits, could
not be scanned. On June 7, 2006, the undersigned received from Plaintiff a copy of the Motion with what appear to
be the supporting documents. Missing from the supporting documentation was "EXAMPLE F."

Curiously, on June 8, 2006, the undersigned received four (4) pages from the Plaintiff which were mailed
on June 7th. The first page consists of a handwritten note bearing a Clerk's filing stamp dated June 7, 2006 (3:15
p.m.) and the typed words "EXHIBIT (EXAMPLE F)." The note reads "Peter, Rec'd you [sic] note and went to the
court to get this copy for you Rich." The second page of the document purports to be an Affidavit pursuant to L.R.
7.1 dated June 7, 2006. The remaining two (2) pages of the document are a "Memorandum of Reason" dated June 7,
2006. None of these materials were included in Plaintiff's original Motion submission; nor could they be, because
they were dated June 7th. It appears that Plaintiff was attempting to belatedly comply with the form, but not the
substance, of L.R. 7.1.

2.    As required by the Court's Order, the Credit Union served its Rule 26(a)(1) Initial

Disclosures on June 5, 2006. In his June 5, 2006 cover correspondence to Plaintiff, the

undersigned indicated as follows:

> Enclosed is a copy of the MBTA Employees Credit Union's Initial Disclosures.
> As I indicated in my April 27, 2006 correspondence, the documents to be
> produced consist of about five to six inches of paper. I note that several inches of
> these documents consist of account statements which may, or may not, interest
> you. In any event, please advise me as to your preference with respect to the
> Credit Union's documents. If you would like to do so, then you may review the
> documents at my office, at a mutually convenient time, during normal business
> hours (i.e., 9:00 a.m. to 5:00 p.m.), and identify those documents, if any, that you
> would like to have copied. Subsequently, we will arrange to have the documents
> copied, at your expense, and I will either mail them to you or you can pick them
> up. Alternatively, I will arrange to have the Credit Union's documents copied by
> an outside copy service, at your expense.

3.    On June 6, 2006, the undersigned counsel received from Plaintiff a letter dated

June 3, 2006 wherein Mr. Livingston requested a copy of the documents produced pursuant to

the Credit Union's Initial Disclosures. The documents were delivered to an outside copy service

on June 6, 2006 and mailed to Plaintiff by Priority Mail on June 7, 2006.

4.    Plaintiff's motion is baseless. The Credit Union served its Initial Disclosures as

required.

5.    Plaintiff's Motion should also be denied pursuant to L.R. 7.1(A)(2). Plaintiff filed

the Motion without attempting to confer with counsel as required. The document purporting to

be a L.R. 7.1 Affidavit was filed on June 7, 2006, after Plaintiff filed the Motion, and implies a

communication with the undersigned that had not transpired either before he filed the Motion or

before he filed the Affidavit. In fact, Plaintiff called the undersigned at 5:47 p.m. on June 7th,

after having filed the Affidavit. The telephone conversation lasted for approximately three (3)

minutes during which the undersigned informed Plaintiff that the Initial Disclosures had been

2

served, as required, on June 5, 2006.[2]  Plaintiff informed the undersigned that he was receiving

another telephone call and hung up.  In any event, the Motion should be denied because Plaintiff

would have been aware that the Credit Union had served its Initial Disclosures in a timely

manner if he had complied with L.R. 7.1(A)(2) and conferred with counsel to resolve the issue.

6.      The Court should deny Plaintiff's Motion and enter an Order requiring that

Richard Livingston pay the legal fees and costs associated with responding to the Motion which

was filed for an improper purpose and to improperly increase the cost of litigation. *See* Fed R.

Civ. P. 11(c)(1)(B).

WHEREFORE, the MBTA Employees Credit Union requests that this Honorable Court:

1.      Deny Plaintiff's Motion for Sanction;

2.      Enter an Order that the Plaintiff pay the legal fees and costs associated with the

Credit Union's response to Plaintiff's Motion for Sanction; and

---

[2] During the brief June 7, 2006 telephone conversation, Plaintiff acknowledged receiving the Credit
Union's Initial Disclosures earlier that day. However, Plaintiff advised the undersigned that the Credit Union had
not served its Initial Disclosures in a timely manner because Plaintiff had not received the Initial Disclosures until
June 7th.  Apparently, Plaintiff is unfamiliar with the provisions of Fed. R. Civ. P. and L.R. 5(b)(2)(B).

3.    Such other and further relief as this Court deems appropriate and just.

**MBTA EMPLOYEES CREDIT UNION,**
by its attorneys,


_/s/  Peter C. Netburn_
Peter C. Netburn, BBO 546935
HERMES, NETBURN, O'CONNOR
& SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050
Dated:  June 9, 2006                          (617) 728-0052 (F)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 9, 2006.


_/s/  Peter C. Netburn_
Peter C. Netburn

BOSTON MA 021

09 JUN 2005    PM    19 T

HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113

MR RICHARD LIVINGSTON
149 WARREN AVENUE
MILTON MA    02186-2009

# EXHIBIT B

**From:** "Peter C. Netburn" <pnetburn@HNSO.ORG>

**To:** <richard.livingston@comcast.net>

**Cc:** <KLKLAWFIRM@aol.com>

**Subject:** Livingston v. MBTA Employees Credit Union

**Date:** Tue, 6 Jun 2006 20:43:53 +0000

Mr Livingston

I received from the Court today your motion entitled "Motion for Sanction L.R. 1.3." I did not receive the Exhibits to the Motion. I attempted to contact you to discuss your motion, but you did not answer the telephone and you did not have an answering machine. I note that you did not certify, nor could you, that you have conferred with me and attempted in good faith to resolve or narrow the issue pursuant to L.R. 7.1. In any event, I assume that you received in today's mail the Credit Union's Initial Disclosures which were served, as required, on June 5, 2006. I also received in today's mail your June 3, 2006 correspondence wherein you request that I forward to you a copy of the documents that the Credit Union is producing. These documents were sent to a copy service today and I anticipate that they will be sent to you on June 7th, or June 8th at the latest, along with an invoice for the photocopying charges. I did not arrange to have a copy of the Credit Union's liability policy/bond copied because you have not indicated whether you wish a copy of this document. Please let me know if you would like to look at this document in my office or if you would like a copy. The Credit Union has served its Initial Disclosures as required and as such, your motion is baseless. Please advise me immediately as to whether you intend to withdraw your Motion for Sanction. If you do not do so, then I will seek appropriate sanctions, including attorneys' fees, based upon you inappropriate filling and the costs incurred by the Credit Union as a result thereof.

Peter C. Netburn
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street
Boston, MA 02110-3113
Tel: (617) 728-0050
Fax: (617) 728-0052
PNetburn@hnso.org

**Note:** This electronic mail may contain information that is privileged, confidential or exempt from disclosure under applicable law. Any dissemination, copying or use of this electronic mail by or to anyone other than the designated and intended recipient(s) is unauthorized. If you received this message in error, then please delete it from your system and contact the sender immediately. Thank you. E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.

[ Back ]

© 2006 Comcast Cable Communications, Inc. All rights reserved.

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## THE DISTRICT OF MASSACHUSETTS

**SUFFOLK, SS**                    **DOCKET NUMBER 1:05-CV-11349-RCL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RICHARD LIVINGSTON**            \*          **PLAINTIFF, PRO SE,**
     **Plaintiff, Pro Se**     \*          **AMENDED**
     **Vs.**                   \*          **MOTION**
                              \*          **for**
**M.B.T.A. Employee's Credit Union**\*          **SANCTIONS**
     **Defendant**            \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Plaintiff, Pro Se, Richard Livingston, asks Honorable Judge Reginald C. Lindsay to accept Amended Motion for Sanction because, Pro Se Plaintiff inadvertently did not attach Exhibit (EXAMPLE - F 1, 2,) Affidavit and Memorandum of Reason (supporting Motion) as required by Local Rule R. 7.1, Motion Practice.

Pursuant to Local Rule 1.3 Sanctions, Plaintiff, Pro Se, Richard Livingston asks Honorable Reginald C. Lindsay's in accordance with Local Rule 1.3 Sanctions, to impose sanctions to compel or those deemed appropriate by the Court on the Defendant, MBTA Employees Credit Union for the following reasons:

1.  The Defendant, MBTA Employees Credit Union has failed to comply with the directive and obligation set forth by the court in accordance with Local Rule 26.1(b)(1)(a-d).

2.  the balance of powers is inequitable Plaintiff, Richard Livingston is a Pro Se litigant.

3.  the Plaintiff, Pro Se, Richard Livingston has fulfilled his obligation to the Defendant MBTA Employees Credit Union in accordance to Local Rule 26.1(b)(1)(a-d).

In support of this Motion Plaintiff, Pro Se, Richard Livingston offers the attached Exhibits (EXAMPLE A-F)

Wherefore, The Plaintiff, Pro Se, Richard Livingston asks the honorable Court to intercede in order that the Plaintiff, Pro Se, Richard Livingston might have the opportunity to present his case fairly and without obstruction from Defendant, MBTA Employees Credit Union.

Date _June 7 2006_

_Richard Livingston_

Richard Livingston, Plaintiff, Pro Se,
149 Warren Avenue
Milton, Massachusetts 02186-2009
617-698-4333 HM

Attached: Certificate of Service

## CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day _June 7 2006_ notified Peter C. Netburn, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {MBTA Employees Credit Union, South Boston, Massachusetts} by United States Postal Service Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113

Date _June 7 2006_

_Richard Livingston_

Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009
617-698-4333 HM

Attachments: Supporting Doc. to Motion

Plaintiff's
Memorandum
of Reason
L.R. 7.1,(b)(1)
Plaintiff's
Affidavit
L.R. 7.1,(a)(2)

FILED
IN CLERKS OFFICE

2006 JUN -7 P 3: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

# EXHIBIT (EXAMPLE F)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**SUFFOLK, SS**                                   **DOCKET NUMBER 05-CV-11349-RCL**

| | |
|---|---|
| ****************************** | **Pro Se, Plaintiff's** |
| **RICHARD LIVINGSTON**   * | **AFFIDAVIT** |
| **Plaintiff, Pro Se**   * | **L.R 7.1, Motions** |
| **Vs.**   * | |
| **MBTA Employees Credit Union**   * | |
| **Defendants**   * | |
| ****************************** | |

I, Richard Livingston, Plaintiff, Pro Se, on this day of June 7, 2006, state and claim that I have made good faith effort, a prerequisite of the Court, to resolve the fact that the Defendant did not exchange Disclosure timely. The Defendant requested and received an extension of time to June 5, 2005, in spite of the fact that the court allowed generous time for Disclosure, the Defendant has violated the timeliness.

Date June 7 2006          Richard Livingston, Plaintiff, Pro Se

Notary Public:
Commonwealth of Massachusetts
My Commission Expires: May 9, 2008

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**SUFFOLK, SS**                              **DOCKET NUMBER 05-CV-11349-RCL**

```
***********************************
```
| | |
|---|---|
| **RICHARD LIVINGSTON** * | **MEMORANDUM** |
| **Plaintiff, Pro Se** * | **of** |
| **Vs.** * | **REASON** |
| **MBTA Employees Credit Union** * | **Local Rule 7.1, Motion Practice** |
| **Defendants** * | |

```
***********************************
```

# MEMORANDUM of REASON

The Plaintiff, Pro Se, Richard Livingston submits this Memorandum of Reason as

a prerequisite to filing Motion, seeking the Courts permission to file Motion for Sanctions

for the following reasons:

Local Rule 1.3, Sanctions, imposes penalties for:

> "Failure to comply with any directions or obligations
> set forth in, or authorized by, these Local Rules may
> result in dismissal, default, or the imposition of other
> sanctions as deemed appropriate by the judicial
> officer."

The Defendant, MBTA Employees Credit Union, has not cooperated with

exchange of Disclosure (in accordance with L.R 26.2(A), Automatic Required

Disclosure) with the Plaintiff, Pro Se, Richard Livingston. The generous time allowed by

the Court for the exchange of Disclosure has passed. The Plaintiff, Pro Se, Richard

Livingston has in good faith, attempted to confer with the Defendant to resolve and coax

the Defendant to timely Disclose. The Pro Se Plaintiff, Richard Livingston has made

numerous requests to the Defendant, MBTA Employees Credit Union, for cooperation.

*See Attachents*

In accordance with Local Rule, 7.1(a)(2), Motion Practice:

> "No motion shall be filed unless counsel certify
> that they have conferred and have attempted in
> good faith to resolve or narrow the issue."

Plaintiff, Pro Se, Richard Livingston, has given written notification to the Defendant, MBTA Employees Credit Union, that the Defendant, MBTA Employees Credit Unions, lack of cooperation leaves the Plaintiff with no alternative but to seek the Courts assistance.    The Plaintiff, Pro Se, Richard Livingston, received no response from the Defendant, MBTA Employees Credit Union, nor has the Defendant, MBTA Employees Credit Union, to this date, June 7, 2006, exchanged Disclosure, in any form.

At this time, in spite of the fact that the Court has allowed an extension of time from May 11, 2006 to June 5, 2006, the Plaintiff, Pro Se, Richard Livingston has received nothing, no exchange of any form of Disclosure.  The Defendant, MBTA Employees Credit Union is not "acting in good faith to resolve the issue".    The Plaintiff, Pro Se, Richard Livingston attaches certification in support of the fact that he has "attempted in good faith to resolve the issue." *L.R 7.1(a)(2) See Plaintiff's Certified Affidavit*

As a matter of justice, public policy; imbalance of powers; and considering the parties resources, the Plaintiff, Pro Se, Richard Livingston's, Motion for Sanctions should be allowed to be filed with the Court.

Date _____

_____
Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
617-698-4333 HM                           Milton, Massachusetts 02186-2009

Attachments:  Supporting Doc. to Motion

**EXHIBIT D**

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER
**(617) 210-7720**

June 7, 2006

BY USPS PRIORITY MAIL

Mr. Richard Livingston
149 Warren Avenue
Milton, MA 02186-2009

> RE:   Richard Livingston v. MBTA Employees Credit Union
>        Civil Action No.:  05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Mr. Livingston:

As requested, enclosed is a copy of the documents produced in connection with the MBTA Employees Credit Union's Initial Disclosures. In addition, enclosed is a copy of the Invoice from IKON Office Solutions with respect to this copy job. Please forward to me a check, in the amount of $289.01 ($276.21 for copying and $12.80 for postage), made payable to "Hermes, Netburn, O'Connor & Spearing, P.C." As indicated in my June 6, 2006 electronic mail to you, I did not arrange to have a copy of the Credit Union's liability policy/bond copied because you have not indicated whether you wish a copy of this document. Please let me know if you would like to look at this document in my office, or if you would like a copy at your expense, or neither.

If you have any question, please contact me.

Very truly yours,

Peter C. Netburn

PCN/mag
Enclosures
G:\DOCS\PCN\Cases\MBTAECU\Letters\Livingston12.doc

# INVOICE

**IKON Document Efficiency At Work."**

IKON Office Solutions - Boston, MA
Phone: (617) 371-1300   Fax:
Federal ID:   230334400

| | |
|---|---|
| Invoice # | BOS06060125 |
| Invoice Date: | 06/07/2006 |
| Due Date: | 06/17/2006 |
| Terms: | Net 10 Days |
| Customer Code: | BOS-HERM |
| Natl ID: | 46311 |

**SOLD TO:**
HERMES NETBURN OCONNOR & SPEARING
265 FRANKLIN STREET
7TH FLOOR
BOSTON, MA 02110

**SHIP TO:**
HERMES NETBURN OCONNOR & SPEARING
265 FRANKLIN STREET
7TH FLOOR
BOSTON, MA 02110
Attn: MICHELLE GREEN

Price using: STANDARD Price

| Reference / Case # | Reference 2 | Reference 3 | Account Manager |
|---|---|---|---|
| 15918 | | | Jake Alsobrook |

| Salesorder | Order Date | Ordered By | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| SO-0606-0110 | 06/06/2006 | MICHELLE GREEN - HERMES NETBURN OCONNOR & SPEARING | | | |
| | | B&W Copies D - Heavy Litigation | 1,349.00 | 0.195 | 263.06 |

**Please Pay From This Invoice**

Your signature below is an agreement that the above described work has been authorized and received. The party above assures payment of this invoice within 10 days. Interest at the rate of the lesser 1.5% per month or the maximum legal rate will be charged on invoices not paid in 10 days. Customer agrees to pay legal fees incurred in the collection of past due accounts.

| | |
|---|---|
| Taxable Sales: | 263.06 |
| Sales Tax: | 13.15 |
| Non-Taxable: | 0.00 |
| Postage: | 0.00 |
| Delivery: | 0.00 |
| **PAY THIS AMOUNT** | **276.21** |

Received and Approved by: *Michelle McGreen*   Date: 6/7/06

Please pay from this copy. The party named on this bill is held responsible for payment.

**Payment From:**
HERMES NETBURN OCONNOR &
265 FRANKLIN STREET
7TH FLOOR
BOSTON, MA 02110

**Amount Enclosed**
$

**Please Remit To:**
IKON Office Solutions
Northeast District - BOS
P O Box 827164
Philadelphia, PA 19182-7164

**Invoice:** BOS06060125
Invoice Date: **06/07/2006**
Due Date: **06/17/2006**
Customer Code: **BOS-HERM**
Natl ID: **46311**

**PAY THIS AMOUNT  $  276.21**

HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113



**EXHIBIT E**

# HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON. MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER
**(617) 210-7720**

May 9, 2006

Mr. Richard Livingston
149 Warren Avenue·
Milton, MA  02186-2009

   RE: Richard Livingston v. MBTA Employees Credit Union
     Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Richard:

   I acknowledge receipt of your May 8, 2006 filing correspondence with accompanying "Plaintiff's First Request for Production of Documents." By serving this Request, I assume that you understood neither the phasing proposal that I made to the Court in connection with the April 26, 2006 Scheduling Conference nor the Court's adoption of that proposal and Order.

   The Court ordered that the parties exchange Initial Disclosures by June 5, 2006. Such Disclosures include the documents to be produced pursuant to Fed. R. Civ. P. 26(a)(B)-(C). I addressed this issue in my April 27, 2006 correspondence which, according to your recent electronic mail, you did not receive until Friday, May 5, 2006. I expect to serve the Credit Union's disclosures as required, and to make available those documents that the Credit Union is required to produce pursuant to the above-referenced Rule, on or before June 5, 2006. You must make such Disclosures and production on or before June 5, 2006 as well. As indicated previously, the Credit Union would like a copy of all documents that you are required to produce.

   Your Request for Production is inappropriate at this time for at least two reasons. First, Fed. R. 26.2 provides, in applicable part, that "unless otherwise ordered by such a judicial officer, before a party may initiate discovery, that party must provide to the other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1)." To date, you have not made your disclosures. More importantly, however, District Judge Lindsay agreed to the Credit Union's proposal that the parties would not be permitted to engage in additional discovery (i.e., discovery beyond the Rule 26(a)(1) Initial Disclosures) until further order of the

**HERMES, NETBURN, O'CONNOR & SPEARING, P.C.**

Mr. Richard Livingston
May 9, 2006
Page two

Court. Specifically, the Court set a dispositive motion briefing schedule and District Judge Lindsay indicated that he would hold a second Scheduling Conference, if and when such Conference were necessary, after he acted upon the Credit Union's dispositive motion.

In light of the foregoing, the Credit Union will not respond to your Request for Production. The Credit Union will, however, serve its Initial Disclosures as required and I expect that you will do so as well. Please respond to the issues raised in my April 27, 2006 letter to you.

Very truly yours,

Peter C. Netburn

PCN/mag

cc:    Gary J. Kravetz, Esquire (with copy of 5/8/06 Livingston letter and accompanying Request for Production)

G:\DOCS\PCN\Centin\MBTAECU\Letters\Livingston6.doc

BOSTON MA 021

09 MAY 2006 PM 4 L

HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113

Mr. Richard Livingston
149 Warren Avenue
Milton, MA  02186-2009

# EXHIBIT F

## HERMES, NETBURN, O'CONNOR & SPEARING, P.C.

ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113
TELEPHONE (617) 728-0050
TELECOPIER (617) 728-0052

PETER G. HERMES
PETER C. NETBURN
KEVIN J. O'CONNOR
SCOTT S. SPEARING
ROBERT W. MONAGHAN
GINA A. FONTE
ERIC C. HIPP
MICHAEL S. BATSON
RANDY J. SPENCER

DIRECT DIAL NUMBER
**(617) 210-7720**

May 16, 2006

Mr. Richard Livingston
149 Warren Avenue
Milton, MA 02186-2009

> RE:  Richard Livingston v. MBTA Employees Credit Union
>       Civil Action No.: 05-CV-11349-RCL (U.S.D.C. Mass.)

Dear Mr. Livingston:

I acknowledge receipt of your May 12, 2006 correspondence with accompanying document entitled "DISCOVERY Plaintiff's Second Request for Production of Documents." With respect to this discovery request, I refer you to my May 9, 2006 correspondence and in particular, the third paragraph thereof. Once again, you are attempting to engage in discovery beyond the Initial Disclosures. District Judge Lindsay agreed to the Credit Union's proposal that the parties would not be permitted to engage in discovery beyond the Rule 26(a)(1) Initial Disclosures until further Order of the Court. Accordingly, the Credit Union will not respond to your Second Request for Production. District Judge Lindsay ordered that the parties exchange the documents produced as part of their Rule 26(a)(1) Initial Disclosures on or before June 5, 2006. Rule 26(a)(1) is quite specific as to which documents must be produced. Your so-called First and Second Request for Productions are separate and different from the Rule 26(a)(1) Disclosures. Rather, these documents are Rule 34 Requests which are premature given District Judge Lindsay's ruling.

The third paragraph of your May 12, 2006 indicates that: "[y]ou continually make reference in your communications that I am not cooperating which is patently false and unbecoming your profession." I reread my May 9, 2006 letter to you and I see no reference to an accusation that you are not cooperating. Moreover, your reference to statements contained in my May 9th letter to you as being inconsistent with your attempted filings on May 9th are misplaced. I did not receive the documents that you attempted to file on May 9th until May 10th. Obviously, your May 9th mailing to me crossed in the mail with my May 9th correspondence to you.

**HERMES, NETBURN, O'CONNOR & SPEARING, P.C.**

Mr. Richard Livingston
May 16, 2006
Page 2

With respect to the documents listed in the second paragraph of your May 12, 2006 letter, along with the statements set forth in the fourth and fifth paragraphs of that correspondence, I refer you to my May 15, 2006 letter to you, which I trust is self-explanatory.

Finally, please refrain from engaging in *ad hominem* attacks on my professionalism. While I understand that you are not a member of either the Massachusetts or the U.S. District Court Bars, you are expected to conduct yourself in a civil and courteous manner. Your lack of familiarity with the applicable Rules and procedures, and your frustration as a result thereof, do not justify your caustic comments.

Very truly yours,

Peter C. Netburn

PCN/mag

cc:    Gary J. Kravetz, Esquire (with copy of 5/12/06 Livingston letter and Plaintiff's Second
       Request)
G:\DOCS\PCN\Ocasin\MBTAECU\Letters\Livingston8.doc

BOSTON MA 021
16 MAY 2006 PM 18 L

Mr. Richard Livingston
149 Warren Avenue
Milton, MA  02186-2009

HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
ATTORNEYS AT LAW
265 FRANKLIN STREET, SEVENTH FLOOR
BOSTON, MASSACHUSETTS 02110-3113