UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 JUN 20 A 8: 28
U.S. DISTRICT COURT
DISTRICT OF MASS.

SUFFOLK, SS                                         DOCKET NUMBER 05-CV-11349-RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RICHARD LIVINGSTON                *
         Plaintiff, Pro Se   *
                                      *       **PRO SE, PLAINTIFF'S**
         Vs.                           *
MBTA Employees Credit Union    *       **REBUTTAL MOTION**
                Defendants     *       Fed. R. Civ. Pro. R. 12, Motions
                                      *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF, PRO SE, RICHARD LIVINGSTON'S REBUTTAL MOTION TO DEFENDANT, MBTA EMPLOYEES CREDIT UNION'S MOTION IN OPPOSITION TO PAINTIFF'S MOTION FOR GUIDANCE OF THE COURT

Pursuant to Federal Rule of Civil Procedure, R. 12, Motions, the Plaintiff, Pro Se refutes the Defendant, MBTA Employees Credit Union's Opposition to Plaintiff's Motion for Guidance of the court, for the following reasons:

"In 1990, Congress enacted the Civil Justice Act (the CJRA) to explore the causes of cost and delay in civil litigation" ..."ensure just, speedy, and inexpensive resolutions of civil disputes." 28 USC S 471; *cf.* Fed.R.Civ.P. 1. "Many of those changes may very well affect the way the plaintiff's counsel litigates cases in federal court, from the filing of complaints to dealing with recalcitrance and stonewalling on the part of defense counsel." The CJRA enactment intent was to include the Pro Se, (Plaintiff), It was determined by the CJRA that "often, even the most reasonable defense counsel will stonewall discovery and drag out a case, hoping to test a

1

plaintiff's resolve in bringing the case to trail or to diminish a plaintiff's ultimate bottom line for settlement."

Civil Justice Reform Act, Chapter 11, Part 1, Plaintiff's Perspective, J.C. Gallagher III, ESQ. (Lee, Levine & Bowser LLP, Boston) Roderick MacLeish, Jr. ESQ. & David G. Thomas, ESQ. (Greenberg Traurig LLP, Boston)

The Plaintiff, Pro Se, Richard Livingston asks the guidance of the court because the Defendant MBTA Employee Credit Union has dragged out and stonewalled the "Initial Disclosure" phase. The Plaintiff, Pro Se, asked the Court to establish fair, equitable, reasonable, grounds between Plaintiff and Defendant in order to litigated effectively and efficiently

### Paragraph I
1. **Defendant States:**
"Plaintiff's request is based upon a fundamental misunderstanding of the Federal Rules of Civil Procedure, the Local Rules and the Court's rulings..."

**Plaintiff Response:**
The Pro Se, Plaintiff, has been schooled by fire in the Massachusetts Local Rules and the Federal Rules of Civil Procedure. The Plaintiff, Pro Se, has experienced, not frustration, but offense at the recalcitrance of the Defendant MBTA Employees Credit Union who defies the authority of the Court and the spirit and intent of the Civil Justice Reform Act.
However, the Plaintiff, Pro Se, is schooled, under a tree, by a fireside as Abraham Lincoln, Esq. was schooled, he interprets the Defendants position as the very purpose and need for the 1990 Civil Justice Reform Act.

### Paragraph II
2. **Defendant States:**
... "the Credit Union set forth a proposed phasing such that the parties would exchange Initial Disclosures pursuant to Fed.R.Civ.P.26(a)(1) and L.R. 26.2(A) on or before June 5, 2006."

**Plaintiff Response:**
" Effective December 1, 2000, the scope of automatic disclosure was reformulated to include anything "relevant to the claims or defenses of any party." As might be expected, what disclosure must occur before discovery can commence remains the subject of some debate." "Federal Civil Litigation in the First Circuit", Practice in the District of Massachusetts, Chapter 17, (2003), Hon. Kenneth P. Neiman, U.S. Magistrate Judge, District of Massachusetts, Hon. Michael A. Ponsor, U. S. District of Massachusetts.

Honorable Judge Reginald C. Lindsay allowed the generous extension of time requested by the MBTA Employees Credit Union to complete Initial Disclosure beyond the fourteen days to thirty-four days. As required by the Court's Orders, Rule 26(a)(1), "Initial Disclosures" on or before June 5, 2006. Plaintiff, Pro Se, informs the Court of the Defendants incomplete discovery. A five (5) page document was delivered by US Postal Service on June 7th, 2006, two days late, incomplete, and untimely. An act in total defiance of the Civil Justice Reform Act of 1990 and order of Honorable Judge Reginald C. Lindsay.

**Defendant States:**
"Subsequently, the Credit Union would be permitted to file a Dispositive Motion (i.e. Motion for Summary Judgment), which Livingston will oppose."

**Plaintiff Response:**
Plaintiff did not give Defendant permission to file Dispositive Motion prior to the Scheduling Conference. The Plaintiff Pro Se, Richard Livingston reminds the Defendant MBTA Employees Credit Union presented before Honorable Judge Reginald C. Lindsay the basis for filing Motion for Summary Judgment, which was pierced by the Court on April 26, 2006.

### Paragraph III
3. **Defendant States:**
The Court adopted the Defendant, MBTA Employees Credit Unions, "... phasing plan,"

**Plaintiff Response:**
The Court set procedural deadlines for "Initial Disclosure" the Defendant failed to meet the deadlines set by the Court. The Plaintiff, Pro Se, mets and exceeded the deadlines set by Honorable Judge Reginald C. Lindsay.

**Defendant States:**
"In response to counsel for the Credit Union's concerns, the Court ordered further that "Plaintiff to produce documents for the defendant to copy by 6/5/06."

**Plaintiff Response:**
The Plaintiff Pro Se has met and surpassed Honorable Judge Reginald C. Lindsay's order to cull through the files and submit "only those that are germane to this case" The Plaintiff has submitted at his own time effort and expense to the Defendant MBTA Employees Credit Union, copies of over 55 documents related to the refinance and approximately 25 names of individuals that would have discoverable materials. The first were submitted on May 8th, 2006, supplemental documentations and updates on May 13th, & 31st, 2006. Long before the Court ordered deadline to exchange on or before June 5th, 2006.

### Paragraph VI
#### 6. **Defendant States:**

"The Plaintiff has not informed counsel for the Credit Union as to whether he wishes to review the documents… … or have the documents copied at the Plaintiff's expense."

#### **Plaintiff Response:**

Careful read of all the correspondence that has gone between the Defendant MBTA Employees Credit Union and the Plaintiff, Pro Se contradicts the Defendants assertion. The Plaintiff, Pro Se, Richard Livingston on more than one occasion articulated, clear, concise, and unambiguous as to the Plaintiff's request for exchange request for "Initial Disclosure" documents be forwarded to his home. According to the Defendant Employees Credit Union the Documents (containing personal and confidential financial information including Social Security numbers) were dropped off at a copy center.

### Paragraph VII
#### 7. **Defendant States:**

"While the Credit Union anticipates that judicial intervention may be necessary because it is possible that the Plaintiff may not comply with Initial Disclosure obligation…"

#### **Plaintiff Response:**

The Focus of the Plaintiff, Pro Se, Richard Livingston Motion for Guidance is on the recalcitrance and stonewalling on the part of defense counsel. The Plaintiff has/had met and exceeded the timeliness set forth by the court for the exchange of documents. The defendant Employees Credit Union forces the Plaintiff to seek Motion for Guidance of the Court by and through his written statements that the defendant will not Disclose

The defendant MBTA Employees Credit Unions modus operandi over the past four years since the outset of this case has been to stonewall and out right ignore document requests or to appear for deposition. Woefully inadequate is the two, three and four copies of the same documents that the MBTA has forwarded to the Plaintiff

In Conclusion, to allow misstatements, innuendo, half truths or outright deception statements to be recorded as fact perverts the essence of the rule of law. George Washington said, "Truth will ultimately prevail where there be pains taken to bring it to light."

Wherefore, Legal representatives have an obligation to their clients, but have no right to brow-beat, chastise, ridicule, lecture, berate in everyway but helpful in an effort to take advantage of [a pro se] litigant's lack of professional standing, in an attempt to force the litigant to withdraw Motion or drop the case. The Plaintiff, Pro Se, Richard Livingston has conducted himself as a gentleman at all times and will continue to do so.

Date June 19, 2006

Richard Livingston, Plaintiff, Pro Se
149 Warren Avenue
Milton, Massachusetts 02186-2009
617-698-4333 HM

## CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day **June 19, 2006** notified Peter C. Netburn, Esq. of **Hermes, Netburn, O'Connor & Spearing, P.C.** 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {**MBTA Employees Credit Union, South Boston, Massachusetts**} by United States Postal Service **Hermes, Netburn, O'Connor & Spearing, P.C.** 265 Franklin Street, Seventh Floor Boston, MA 02110-3113

Date __June 19, 2006__

Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009
617-698-4333 HM

5