UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RICHARD LIVINGSTON,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-11349-RCL |
| **MBTA EMPLOYEES CREDIT UNION,** | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT MBTA EMPLOYEES CREDIT UNION'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Fed. R. Civ. P 56(c), Defendant MBTA Employees Credit Union (the "Credit Union") hereby moves for summary judgment in its favor as to all counts of *Pro Se* Plaintiff Richard Livingston's ("Livingston" or "Plaintiff") Amended Complaint.

In the present action, Livingston seeks damages from the Credit Union related to: (1) the July 27, 2001 refinancing by his former wife – Margaret Livingston, neé Clifford ("Ms. Clifford") – of certain mortgages on the jointly owned former marital home located at 15 Quarry Lane, Milton, Massachusetts (the "Milton Property"), and (2) the Credit Union's rejection of Livingston's nomination application to run in the April 5, 2005 election of the Credit Union's Board of Directors. Livingston has alleged causes of action against the Credit Union for: (1) violations of M.G.L. c.93A (the "Massachusetts Consumer Protection Act"), (2) violations of

1

"privacy rights" provided by (unidentified) federal and state statutes, (3) violation of 11 U.S.C. § 525(a); and (4) defamation.[1]

When the facts are considered in the light most favorable to Livingston and all inferences drawn are in his favor, all of Livingston's claims against the Credit Union fail as a matter of law. The alleged disclosures of information by the Credit Union do not evidence "violations of privacy" or any other wrongful conduct. Livingston's claims for "violations of privacy" brought pursuant to state statute and the federal Right to Financial Privacy Act are barred by the applicable statutes of limitations. Livingston's Federal Trade Commission Act claim for "violations of privacy" fails because the law does not provide a private right of action. Livingston's claim for "violations of privacy" under "Article 8" of the Credit Union's "Policy Manual" fails to state a claim. Livingston's claim for violation of 11 U.S.C. § 525(a) fails because that law is inapplicable to the Credit Union. Livingston's defamation allegation fails to state a claim, and there are no facts that establish a *prima facie* case. Finally, Livingston's claim for violation of the Massachusetts Consumer Protection Act fails for at least two reasons. First, Livingston did not deliver a demand letter pursuant to M.G.L. c.93A, § 9, which is a jurisdictional prerequisite to suit. Second, as a matter of law, none of the conduct alleged by Livingston constitutes unfair or deceptive conduct.

As further grounds for this Motion, the Credit Union relies upon the Memorandum in Support of Defendant MBTA Employees Credit Union's Motion for Summary Judgment, Defendant MBTA Employees Credit Union's Statement of the Material Facts to Which There is

---

[1] Although the Amended Complaint does not include a separate count for "defamation," Paragraph 26 of the "General Facts and Allegations" states that: "[u]pon information and belief [the Credit Union] has released false information and defamed [Livingston] to certain members and officers of the Credit Union." The Credit Union will address this allegation as if it were asserted as a cause of action.

No Genuine Issue, Affidavit of Thomas J. Henry, Affidavit of Ellen Pittman, Affidavit of Gary J. Kravetz, and Affidavit of Peter C. Netburn, all of which are filed herewith.

**WHEREFORE**, Defendant MBTA Employees Credit Union respectfully requests that this Honorable Court take the following actions:

(1)    grant summary judgment in favor of the Credit Union as to all counts of the Plaintiff's Complaint;

(2)    enter judgment in favor of the Credit Union; and

(3)    grant such other and further relief as this Court deems appropriate.

### LR 7.1(A)(2) CERTIFICATION OF COUNSEL

Pursuant to LR 7.1(A)(2), counsel certifies that he conferred with the *pro se* plaintiff and attempted in good faith to resolve or narrow the issue presented by this motion.

**MBTA EMPLOYEES CREDIT UNION**,
By its attorneys,

/s/ Peter C. Netburn
Peter C. Netburn, BBO No. 546935
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

Dated:  July 14, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 14, 2006.

/s/ Eric C. Hipp
Eric C. Hipp