UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RICHARD LIVINGSTON,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-CV-11349-RCL |
| **MBTA EMPLOYEES CREDIT UNION,** | ) ) | |
| Defendant. | ) ) ) | |

**AFFIDAVIT OF THOMAS J. HENRY IN SUPPORT OF
DEFENDANT MBTA EMPLOYEES CREDIT UNION'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

I, Thomas J. Henry, on oath depose and state as follows:

1.  I have been employed at the MBTA Employees Credit Union (the "Credit Union") as Mortgage Department Manager since August, 1996. I am of legal age, and am a resident of the Commonwealth of Massachusetts.

2.  The facts set forth below are true, accurate and complete, based either upon my personal knowledge or my information and belief, formed after inquiry into these facts. To the extent based upon my information and belief, I believe all facts set forth below are true.

3.  In my position as Mortgage Department Manager, I oversee the mortgage origination and servicing operations at the Credit Union.

4.  On April 28, 1994, Richard Livingston ("Livingston") and Margaret Livingston, neé Clifford ("Ms. Clifford") granted a mortgage ("Credit Union Mortgage") to the Credit Union regarding their jointly owned former marital home located at 15 Quarry Lane, Milton, Massachusetts (the "Milton Property").

1

5.  The Credit Union Mortgage was part of Account No. 209173 at the Credit Union. Livingston and Ms. Clifford both members of the Credit Union, and were joint owners of Account No. 209173. Notwithstanding Livingston's and Ms. Clifford's marital status, both Livingston and Ms. Clifford remained on Account No. 209173, as co-borrowers on the Credit Union Mortgage, until the mortgage was paid and discharged.

6.  By application dated January 16, 2001, Livingston and Ms. Clifford applied for refinancing of the Milton Property through the Credit Union.

7.  By letter dated February 5, 2001, the Credit Union notified Livingston and Ms. Clifford that their application had been approved. A true and complete copy of the approval letter is attached hereto as Exhibit A.

8.  The closing of the refinancing of the Milton Property through the Credit Union was scheduled for March 19, 2001.

9.  The refinancing of the Milton Property through the Credit Union was not completed, because Livingston filed a Voluntary Petition for Chapter 13 bankruptcy on March 7, 2001.

10.  I executed a discharge of the Credit Union mortgage on behalf of the Credit Union on August 24, 2001.

11.  The Credit Union has not claimed an interest in the Milton Property since the Credit Union Mortgage was fully paid by check dated August 2, 2001.

12.  The Credit Union is willing to provide a scriveners' affidavit and/or corrected mortgage discharge with respect to the Credit Union Mortgage, even though the recorded discharge dated August 24, 2001 is effective.

13. I did not receive by mail or delivery any letter purporting to be a written demand pursuant to M.G.L. c.93A, § 9 ("93A Demand Letter"), or similar correspondence or notice, from or on behalf of Livingston prior to commencement of the present litigation. In particular, I did not receive a copy of "a demand for settlement … under chapter 93a" of May 25, 2005 alleged in Paragraph 29 of the Amended Complaint.

14. I have searched the Credit Union's document files, and I have not found a 93A Demand Letter from or on behalf of Livingston or any other document indicating that such a letter was ever received by the Credit Union.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 11th DAY OF JULY, 2006.

/s/ Thomas J. Henry
THOMAS J. HENRY

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 14, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\CUMIS\MBTA ECU - Livingston\Pleadings\MSJ\Affidavit of Thomas Henry.doc

| Officers: | **MBTA Employees Credit Union** | Directors: |
|---|---|---|
| James P. Griffin<br>*President &*<br>*Chairman of the Board* | 147 West Fourth Street<br>South Boston, MA 02127 | John J. Coakley<br>Todd Downey<br>Kevin J. Doyle |
| Edward M. Irvin<br>*First Vice Chairperson* | *branch offices:* | Steven W. Epps<br>James P. Griffin |
| Ilse Sullivan<br>*Second Vice Chairperson* | Post Office Box 675<br>Medford, MA 02155 | Michael J. Hogan<br>Edward M. Irvin<br>William A. Irvin |
| Ronald I. Sullivan<br>*Treasurer* | Post Office Box 2278 | Michael F. Keeley<br>Melvin Keith |
| Kevin J. Doyle<br>*Assistant Treasurer* | Quincy, MA 02169 | Mickey A. McIver<br>Terry Reed |
| William A. Irvin<br>*Clerk* | *connecting all offices:*<br>617-269-2700 | Noreen M. Ryan<br>Ilse Sullivan<br>Ronald I. Sullivan |

February 5, 2001

Richard Livingston
Margaret Clifford
15 Quarry Lane
Milton, MA 02186

Dear Borrower (s):

We are pleased to inform you that based on the information you provided us in your application for a first mortgage loan dated __01/16/2001__, the MBTA EMPLOYEES CREDIT UNION (hereinafter the "Credit Union") agrees to make a first mortgage loan to you secured by your property located at:

__15 Quarry Lane, Milton, MA 02186__

**The terms of the loan we are committing to you are as follows:**

| Loan Amount | $181,000.00 | Loan Type: | X | Fixed Rate |
|---|---|---|---|---|
| Loan Term: | 360 Mos. | | | 1 year ARM* |
| Rate: | 8.50%/0pts | | | 3 year ARM* |

\* Adjustable Period Cap: 2.00% Lifetime cap: 6.00% Margin: 3.75%
\*\* Rate is Estimated - not locked in

Interest Rate:  The interest rate on your loan will be set at the time of acceptance of this commitment letter
(see Commitment Acceptance Procedures set forth below).

Monthly Payment:
$ __1,391.73__ Prin. & Int. (Assumes __8.50%/ 0 Pts.__ Int. Rate.)
$ __244.50__ Real Estate Tax Escrow (estimated)
$ __49.67__ Homeowners Insurance (estimated)
$ __0.00__ Mortgage Insurance Escrow (if required)
$ __0.00__ Other __Condo Fee__ (if required)
$ __1,685.90__ Monthly Payment (estimated)*

\*\* Note that the above monthly payment information is provided for informational purposes only, and that your actual monthly payment amount may be different than the amount indicated above, due to difference between the estimated interest rate amount used above and your actual interest rate amount.

*Over one hundred twenty million in assets.*



**The conditions to the making of your loan are as follows:**

1. **Expiration Dates:** If your loan was locked, the rate will expire on __3/17/01__ If the loan closed after this expiration date. The terms will be the higher of the locked-in terms or the market terms of this type of loan as committed within five days of closing. If you have not locked your rate this commitment letter will expire on_____ if not Accepted by you by said date. This commitment will also expire if your loan is not closed within 30 days of the date of your acceptance of this commitment, notwithstanding the reason for why your loan did not close.

   Note that by accepting this commitment letter, you agree to be responsible for any costs incurred by the Credit Union as result of your failure to fulfill any obligations of yours with respect to the closing of your loan which failure results in your loan not closing within the required time period. The final approval is subject to the ratification by the Credit Committee and the Board of Directors.

2. **Title Examination/Documentation:** The title to your property is to be examined and the examination and the mortgage and loan documents are to be prepared by the attorney named below, such title and documents to be satisfied to the attorney and the Credit Union.

3. **Closing Attorney:** The attorney closing your loan will be:
   Name of Firm:___Kravetz & Lahti-Kravetz_____
   Address:___175 Andover Street, Danvers, MA 01923___
   Contact Person:___Gary Kravetz or Audrey Lahti-Kravetz
   Telephone Number:(978)774-3222          Fax Number:(978)750-8073

   Your closing attorney will contact you to schedule a closing once your loan has been approved for closing by the Mortgage Lending Department.

4. **Legal Fees:** Although the above referenced closing attorney has been engaged by the Credit Union to represent it's interests in this transaction, as it is customary in the mortgage lending industry, the borrower pays for the cost of such representation as part of the borrower's closing cost. Accordingly, please be advised that you will be responsible for any out of pocket costs incurred by the said closing attorney should your loan fail to close, notwithstanding the reason therefore. Generally, these costs include the municipal lean certificate, plot plan and title examination ordered in connection with the closing of that loan.

5. **Homeowners Insurance Policy:** You must forward a homeowners insurance binder to your closing attorney at least five (5) days prior to your closing, said binder evidencing extended coverage in an amount not less than 100% of the replacement cost of the property to be mortgaged or the mortgage amount, whichever is less. The binder must name the "MBTA Employees Credit Union, it's successors and assigns, as their interests may appear" as first mortgagee. We would recommend that you bring this letter with you when you visit your insurance agent.

6. **Real Estate Tax and Insurance Escrow's:** Sufficient amounts for real estate taxes, homeowners insurance and mortgage insurance ( if mortgage insurance is required) will be collected at closing. The original amount of the escrow for each of these items will depend on how much money will be needed to assure adequate balances for the first payment to be made in connection with these items in the future. Note that your monthly payment will result in additional contributions to maintain adequate balances for payments subsequent to the first payment. Generally, the original amount collected for these escrows will equal or be equal to 2/12 or 3/12 of the annual cost of these items. However, this amount will be greater if any of these Items will need to be paid sooner than one year from the date of your closing.

7. **Lender's Title Insurance:** You will be required to purchase a lender's policy of title insurance insuring the mortgage granted to the Credit Union as security for your loan, said policy to be in a form acceptable to the Credit Union and it's attorney and to written by an insurance company acceptable to the Credit Union. This policy will be prepared by the attorney assigned to handle your closing. The cost of this policy will appear as part of your closing costs.

8. **Flood Insurance:** Federal law requires that if the property is located in a "special flood hazard zone", National Flood Insurance must be purchased in an amount equaling the mortgage amount or the maximum coverage available, whichever is less.

9. **Financial status:** There shall be no material change in your financial status as set fourth in your application, in the condition or the value of the property.

10. **Plot Plan:** The Credit Union will obtain at your expense a plot plan prepared by a professional engineer, showing the boundary lines of the property and the location of the buildings (s) situated on the property and bearing a certificate of such engineer as to wether or not the property is located in a "special flood hazard zone"; that the location of the building(s) is as shown on the plan; and, if deemed appropriate by the Credit Union, that the building(s) when constructed complied or will comply with applicable building laws. For condominiums, only a flood hazard zone certificate will be certificate will be obtained.

11. **Appraisal Available:** Please be advised that you have a right to receive a copy of the appraisal(s) obtained by the Credit Union in connection with your loan application. If you wish to receive a copy of said appraisal(s) you should send a written request to the Credit Union to the attention of the Mortgage Lending Department at the above address.

12. **Other Conditions:** This commitment is subject to other terms and conditions re contained in application and compliance with such reasonable requirements of the lender's attorney.

13. **Additional Conditions:** The following conditions must be met before your loan will be approved for closing. These conditions must be approved to the satisfaction of the Credit Union. Note that it will take five (5) business days following the satisfaction of these conditions before your closing attorney will be notified by the Credit Union that your loan has been approved for closing. Accordingly, you should attempt to satisfy these conditions as soon as possible so as to avoid the expiration of this commitment letter.

   A. Borrower(s) to sign a typed updated application at closing.
   B. Borrower(s) to sign a Three Day Right-of Rescission
   C. Pay off 1st Mortgage with MBTA ECU, IHI Bank, National City Card, 1st USA, Discover Financial, *and* ⋕
      2nd Mortgage with RAH Credit Union and RAH Credit Union
   D. Sign & return Advance Truth-In-Lending Disclosure's and sign new application at closing
   E. Letter of Explanation for slow payment history- Copy of Discharge from Chapter 7
   F. Richard to sign 1040 tax returns at closing
   G. Verification of Richard's Rent

   ⋕ First of America execution

## ACCEPTANCE PROCEDURE

Acceptance of this commitment may be accomplished by either of the procedures described below.

**Telephone Acceptance.** If you wish to accept this commitment by telephone, you can call Thomas J. Henry at 269-2700 between the hours of 11:30am and 5:00pm. To confirm your acceptance at which time the interest rate on your loan will be set. Note that only those borrowers who sign the Interest Rate Lock Authorization and Procedure form at the time of application are authorized to accept this commitment letter and set the interest rate by telephone. When placing your call, please be sure to indicate to the operator answering your call that you are calling to accept a commitment and lock your interest rate.

**OR**

**Office Acceptance.** If you wish to accept this commitment in person, you may do so between the hours of 11:30am and 5:00pm at the Mortgage Lending Department. Please be sure to bring with you the original off this commitment letter signed by all of the borrowers to whom it is addressed. Note that you will need to meet with Thomas Henry if you wish to accept in person; accordingly, you should call ahead to be sure that Mr. Henry will be available to meet with you.

\*\*\* **Note:** In the case of telephone acceptance, the original of this letter must be returned to the Mortgage Lending Department on or before the first expiration date of this commitment letter set fourth in paragraph 8 above, otherwise this commitment letter will expire notwithstanding your telephone acceptance.

Sincerely yours,
MBTA EMPLOYEES CREDIT UNION

By: _____
Thomas J. Henry
Mortgage Department Manager

**Borrowers' Acceptance**

I/ We agree to the above mentioned terms and conditions of this mortgage commitment.

Dated: _____      _____
                             Applicant

                             _____
                             Co-Applicant