UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                          DOCKET NUMBER 05-CV-11349-RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*       MOTION
RICHARD LIVINGSTON                           *       Pro Se, Plaintiffs
    Plaintiff, Pro Se         *       Request of Court
  Vs.                                 *       to Amend Complaint
MBTA Employees Credit Union                  *       Local Rule 7.1
    Defendants              *       Fed. R. Civ. P. 15
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Local Rule 7.1, Motion Practice ; Federal Rule of Civil Procedure Rule 15, Motion to Amend Complaint, the Plaintiff, Pro Se, Richard Livingston asks this honorable Court for leave to amend complaint for the following reason:

> Plaintiff, Pro Se, Richard Livingston inadvertently failed to raise issue in Count III (Violation of the Bankruptcy Code) of the Complaint necessary to conform to the evidence.

  Wherefore, the Plaintiff Pro Se, Richard Livingston ask the honorable court to allow addition to Count III (Violation of the Bankruptcy Code) numbers 37 to read "As a creditor the Defendant, MBTA Employees Credit Union never filed a Motion for Relief from the Automatic Stay before accepting payoff of the Plaintiff's mortgage." ; 38 to read "The Defendant Employees Credit Union's acts and omissions as described above also constitute a violation of the Automatic Stay provisions of the United States Bankruptcy Code. (see attached Amended Complaint)

  Therefore, the Plaintiff Pro Se Richard Livingston asks this honorable court to allow amendment of complaint.

Date _July 14 2006_

               Richard Livingston, Plaintiff, Pro Se,
               149 Warren Avenue
               Milton, Massachusetts 02186-2009

617-698-4333 HM

Attached: Certificate of Service

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                    DOCKET NUMBER 05-CV-11349-RCL

```
******************************        Pro Se, Plaintiff's
RICHARD LIVINGSTON          *              AFFIDAVIT
        Plaintiff, Pro Se   *          L.R 7.1, Motions
             Vs.            *
MBTA Employees Credit Union *
             Defendants     *
******************************
```

I, Richard Livingston, Plaintiff, Pro Se, on this day of July 13, 2006, state and claim that I have made good faith effort, a prerequisite of the Court, to resolve the fact to notify the Defendant MBTA Employees Credit Union of my Motion to Amend the Complaint.

Date July 14 2006      _____
                       Richard Livingston, Plaintiff, Pro Se
                       149 Warren Avenue
                       Milton, MA 02186-2009


Notary Public: _____
Commonwealth of Massachusetts
My Commission Expires: July 14, 2006

JOAN FRANCES DIVER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 9, 2008

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                    DOCKET NUMBER 05-CV-11349-RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RICHARD LIVINGSTON | \* | MEMORANDUM |
| Plaintiff, Pro Se | \* | of |
| Vs. | \* | REASON |
| MBTA Employees Credit Union | \* | Local Rule 7.1, Motion Practice |
| Defendants | \* | Fed. Rule Civ. P. 15 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# MEMORANDUM of REASON

Federal Rule of Civil Procedure, R. 15, Amended and Supplemental Pleadings, "permit a party to amend pleadings only by leave of the court."

Federal Rule of Civil Procedure, R. 15(b), Amendments to Conform to Evidence, allow the Plaintiff to "add to the Complaint". Plaintiff inadvertently failed to raise issues in the Complaint necessary to conform to the evidence.

The Plaintiff asks this Honorable Court by Motion, Fed. R. Civ. P. 15, Amended Complaint, to amend Complaint.

Date _July 14 2006_                         _Richard Livingston_
                                            Richard Livingston, Plaintiff, Pro Se
                                            149 Warren Avenue
617-698-4333 HM                             Milton, Massachusetts 02186-2009

Attachments: Supporting Doc. to Motion

### CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day _July 14 2006_ notified Peter C. Netburn, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {MBTA Employees Credit Union, South Boston, Massachusetts} by United States Postal Service Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113

Date _July 14 2006_                         _Richard Livingston_
                                            Richard Livingston
                                            149 Warren Avenue,
617-698-4333 HM                             Milton Massachusetts 02186-2009

3

FILED
IN CLERKS OFFICE

UNITED STATES OF AMERICA
FEDERAL DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

2006 JUL 14  P 2: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

**SUFFOLK, SS**                                          **DOCKET NUMBER 1:05-CV-11349-RCL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**RICHARD LIVINGSTON**              \*
        **Plaintiff, Pro Se**    \*           **Plaintiff Pro Se**
    **Vs.**                                   \*           **MOTION**
                                             \*           **to AMEND**
**M.B.T.A. Employee's Credit Union**  \*           **COMPLAINT**
                                             \*
    **Defendant**                             \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND JURY CLAIM

### I. JURISDICTION

1. The Court has personal and subject matter jurisdiction over the issues raised in his case pursuant to 28 USC 1331 presentment of a Federal Question.

### II. THE PARTIES

2. The Plaintiff, Richard Livingston is a natural person residing at all times relevant at 149 Warren Avenue, Milton, Massachusetts, and County of Norfolk.

3. The Defendant, M.B.T.A. Employee's Credit Union is a Credit Union organized and operating under the laws and regulations promulgated by the United States of America and The Commonwealth of Massachusetts with a usual place of business at 147 West Fourth Street, South Boston, Massachusetts, County of Suffolk.

## III. GENERAL FACTS AND ALLEGATIONS

4. Plaintiff Richard Livingston and his former spouse Margaret Clifford were divorced pursuant to a judgment issued by the Norfolk County Probate and Family Court December 14, 1998

5. Plaintiff Richard Livingston and his former spouse, Margaret Clifford jointly own property located at 15 Quarry Lane, Town of Milton, County of Norfolk, Commonwealth of Massachusetts, holding a mortgage with the defendant MBTA Employee Credit Union at the time of the refinancing.

6. Pursuant to the Judgment of Divorce Ms. Clifford is entitled to reside at the jointly own property located at 15 Quarry Lane, Milton, Massachusetts until the youngest child graduates from High School or attains the age of 18, both of which occurred in June 2005. Following these events the property is to be sold and the proceeds divided between Plaintiff Richard Livingston and Margaret Clifford.

7. On May 24, 2001 the Norfolk County and Probate Court entered an order which states "The former wife shall have the right to refinance the first and second mortgages with respect to the former marital home in order to satisfy the existing first and second mortgages and to pay outstanding marital debt if she so elects."

8. On May 24, 2001 the Court also ordered "the former husband shall not be required to sign any documents in connection with wife's effort to refinance the outstanding mortgages and existing marital debt."

9. The Justice from the bench also ordered orally that the wife would not be able to refinance the property without the signature of the Plaintiff Richard Livingston and he clearly stated that the Court would not require said signature.

10. In May/June Margaret Clifford the former spouse of Plaintiff Richard Livingston applied for a mortgage with the Defendants RAH Federal Credit Union and the Chittenden Bank d/b/a The Mortgage Service Center.

11. On or before the approval of the mortgage application Defendant MBTA Employees C.U. were aware of the Court Order dated May 24, 2001 which placed restrictions upon the amount of any mortgage, the terms of the mortgage and the purpose for which the proceeds could be used. They had also been informed that the employee Plaintiff Richard Livingston was to be notified of any inquiries to his account. This was noted on their computer since August of 1997.

12. The application for a mortgage was approved without notice to the Plaintiff Richard Livingston.

13. On July 27, 2001 a closing took place. Involving Margaret Clifford the former spouse of Plaintiff Richard Livingston and certain non-party lending institutions.

14. Plaintiff Richard Livingston was at all times relevant and a member in continuously good standing who continue to be a member of the credit union in good standing. Although in bankruptcy from 2000/2001 Plaintiff Livingston never missed a mortgage or loan payment to the Defendant MBTA Employees Credit Union.

15. Prior to the closing Defendant MBTA Employee Credit Union was contacted and provided a payoff figure in connection with the mortgage applied for by Margaret Clifford non-employee co-borrower without the knowledge of Plaintiff Richard Livingston.

16. Several years prior to this date August 22, 1997 Plaintiff Richard Livingston had requested and a notation was made on the bank records and computer system that no information concerning any of Plaintiff Richard Livingston's financial matters involving the credit union were to be release to any party without notifying him first and receiving his permission.

17. The Defendant MBTA Employee Credit Union did not obtain a release from Plaintiff Richard Livingston before releasing personal and confidential private financial information along with his personal escrow account funds.

18. The Defendant MBTA Employee Credit Union did not obtain a release from Plaintiff Richard Livingston before providing a payoff figure to Defendant Victoria Schepps or the Defendant financial Institutions she was representing.

19. The Defendant MBTA Employee Credit Union in providing the payoff figure wrongly included escrow monies, which had been payroll deduction since August of 1997 from plaintiff Richard Livingston's paycheck as part of the payoff figure.

20. To date the Defendant MBTA Employee Credit Union has failed to ensure to provide and record a complete and correct mortgage discharge on the jointly own property located at 15 Quarry Lane, Town of Milton, County of Norfolk, and Commonwealth of Massachusetts.

21. The Defendant MBTA Employee Credit Union has faired despite repeated requests to provide Plaintiff Richard Livingston with an accurate and complete copy of the mortgage portfolio file concerning 15 Quarry Lane, Town of Milton, County of Norfolk, and Commonwealth of Massachusetts.

22. Most recently Plaintiff Richard Livingston was denied the ability to have his name placed on the Credit Union Ballot and/or to run for election to the Board of Director's of the MBTA Employee Credit Union.

23. The Defendant MBTA Employee Credit Union in violation of Federal Law failed to place Plaintiff Richard Livingston on the ballot or allow him to stand for election to the Board of Director's because he had filed for Bankruptcy protection under the United States Bankruptcy Code within five years (5) of the election date, violating the "Fresh Start" provisions.

24. The Defendant MBTA Employee Credit Union has discriminated against Plaintiff Richard Livingston because he filed for Bankruptcy Code within four years (4) of the election date.

25. Upon information and belief the Defendant MBTA Employee Credit Union allowed one other person in the past that was similarly situated as Plaintiff Richard Livingston to run for Director without interference.

26. Upon information and belief the Defendant MBTA Employee Credit Union has released false information and defamed Plaintiff Mr. Livingston to certain members and officers of the Credit Union.

### IV.     CAUSES OF ACTION COUNT 1 (VIOLATION, OF CHAPTER 93A)

27. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 26 as if specifically repeated and further alleges:

28. The facts and allegations as specified above constitute deceptive and unfair business practices in violation of Chapter 93 M.G.L.A.

29. On May 25, 2005 the Plaintiff Richard Livingston made a demand for settlement upon the Defendant under chapter 93a.

30. The Defendant MBTA Employee Credit Union failed to tender a reasonable settlement offer in accordance with the requirements of this statute.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant MBTA Employee Credit Union in an amount to be determined by a Judge or Jury including a doubling or trebling of Damages as well as Attorney Fee(s) and Costs.

## COUNT 11
## VIOLATION OF PRIVACY

31. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 30 as if specifically repeated and further alleges:

32  The facts and allegations as specified above constitute a violation of the privacy rights as defined under state and federal statutes of the Plaintiff, Richard Livingston.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant MBTA Employee Credit Union in an amount to be determined by a Judge or Jury.

## COUNT 111
## (VIOLTATION OF UNITED STATES BANKRUPCY CODE)

33. The Plaintiff Richard Livingston repeats the allegations contained in paragraphs 1 through 32 as if specifically repeated and further alleges:

34. The Defendant MBTA Employee Credit Union has discriminated against the Plaintiff Richard Livingston by failing to allow him to place his name on the election ballot for one of five Credit Union Director's positions. Clearly violating the spirit of Section 525(a) of the United States Bankruptcy Code.

35. The Defendant MBTA Employee Credit Union rules and regulations and by-laws prohibiting the election of an individual who has filed for Bankruptcy protection under the United States Bankruptcy Code is a violation of Section 525(a) of the United States Bankruptcy Code and the subsequent case law interfering with the Plaintiff's right to a fresh start...

36. The discrimination imposed upon the Plaintiff Richard Livingston has caused him irreparable harm with the personal and confidential matter exposed publicly in a manner to coerce, intimidate and defame in an

effort to force him to withdraw his name has denied him the right to serve as a Directors Trustee of the M.B.T.A. Employee's Credit Union.

37. As a creditor the Defendant, MBTA Employees Credit Union never filed a Motion for Relief from the Automatic Stay before accepting payoff of the Plaintiff's mortgage.

38. The Defendant Employees Credit Union's acts and omissions as described above also constitute a violation of the Automatic Stay provisions of the United States Bankruptcy Code.

Wherefore the Plaintiff Richard Livingston demands Judgment against the Defendant MBTA Employee Credit Union in an amount to be determined by a Judge or Jury.

Respectfully Submitted
Richard Livingston
Pro Se

Date July 14 2006

*Richard Livingston (signature)*
Richard Livingston
149 Warren Avenue
Milton, Massachusetts 02186-2009

617-698-4333 HM

**THE PLAINTIFF PRO SE REQUESTS A TRIAL BY JURY ON ALL ISSUES**

**SUMMONS OF SERVICE**

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day July 14 2006 notified Philip O'Connor, CEO of MBTA Employees Credit Union, and (Due to Resignation's) Acting President and Chairman of the Board of Directors MBTA Employees Credit Union, Defendant {**MBTA Employees Credit Union, South Boston, Massachusetts**} by United States Postal Service **MBTA Employees Credit Union, 147 West Fourth Street, South Boston, Massachusetts 02127-1815**

Date July 14 2006

*Richard Livingston (signature)*
Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009
617-698-4333 HM