UNITED STATES DISTRICT COURT OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

**SUFFOLK, SS**                                             **DOCKET NUMBER 05-CV-11349-RCL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**RICHARD LIVINGSTON**                  *           Pro Se, Plaintiffs
         **Plaintiff, Pro Se**          *           Opposition to Defendants
             Vs.                        *           Motion for Summary
**MBTA Employees Credit Union**         *           Judgment
         **Defendants**                 *           Local Rule 56.1
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Local Rule 56.1, Opposition to Defendants Motion for Summary Judgment ; Honorable Judge Reginald C. Lindsay's directive, the Plaintiff, Pro Se, Richard Livingston asks this Honorable Court to deny the Defendant's request for Summary Judgment for the following reason:

In the present action before the Honorable United States Federal District Court, First Circuit of Massachusetts, Livingston vs. MBTA Employees Credit Union, the Defendant, MBTA Employees Credit Union, in an effort to cloud the issue, misrepresents the Plaintiff, Pro Se, Richard Livingston's complaint. The Defendant, MBTA Employees Credit Union attempts to move the focus of the true fact that the Defendant, MBTA Employees Credit Union skirted around their obligation as named Creditor in the United States Federal Bankruptcy Court filing of the Plaintiff, Pro Se, Richard Livingston.

**SUMMARY JUDGMENT STANDARD:**

Summary Judgment is appropriate only if the evidence before the Court demonstrates that there are no disputed issues of material fact to be tried and that the moving party is entitled to judgment on the undisputed facts. Fed. R. Civ. P. 56. In the case before this Honorable Court the Plaintiff will "produce specific facts, countervailing

evidence, in suitable evidentiary form to establish the presence of trialworthy issues." Fed. R. Civ. P. 56(e), Triangle Trading Co. v. Robroy Indus., Inc., 200 R.3d,, 1, 2(1st Cir. 1999). In ruling on the Motion for Summary Judgment the Court must resolve any ambiguities in the pleading in favor of the nonmoving party. If the Court can reasonably infer that the Plaintiff has stated a valid cause of action it must deny the Motion for Summary Judgment. In this case, there is enough for the Court to conclude under the liberal pleading standard of Conley v. Gibson, 355, U.S. 41, 45-46(1957) that there are disputed issues of material fact to be tried and that the dispute is on issues that are material to the right to recover under the governing laws.

### A. (1) Facts Presented in Defendant's Summary Judgment Disputed by the Plaintiff

The Defendant MBTA Employees Credit Union, themselves, named as creditor in the United States Federal Bankruptcy Court matrix did not seek or receive relief from the Automatic Stay from the Honorable Judge Nancy Feeney or Trustee Joseph G. Butler prior to the Defendant MBTA Employees Credit Union's selling off Plaintiff, Pro Se, Richard Livingston 50 % as Tenant in Common interest in the mortgage loan encumbering the Plaintiff's property.

### Favorable Termination Requirement of Summary Judgment:

Although, (1) the complaint stems from Probate and Family Court history the issue is not that the former spouse – Margaret Livingston, a/k/a Margaret Clifford - refinanced the former marital property located at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County, which was held as Tenants in Common (not as jointly owned property) after the Divorce Decree Nisi, December 14, 1998. This Divorce is concluded in the Norfolk County Family and Probate court ; sealed

by Divorce Agreement therefore the Favorable Termination requirement of Summary Judgment is satisfied.

The true fact and issue is the Defendant, MBTA Employees Credit Union sold the loan held by Plaintiff, Pro Se, Richard Livingston on the former marital property held as Tenant in Common at one half (½) 50 % interest by the Plaintiff, Pro Se, Richard Livingston. The sale was done without the knowledge, consent or written authorization from the Plaintiff who's property was under bankruptcy protection.

### A (2) Facts Presented in Defendant's Summary Judgment
### Disputed by Plaintiff

As to the Defendant, MBTA Employees Credit Union (2) the Plaintiff, Pro Se, Richard Livingston disputes the facts presented by the Defendant MBTA Employees Credit Union's, "…the Credit Union's rejection of Livingston's nomination application to run in the April 5, 2005 election of the Credit Union Board of Directors". The disputed fact is: no election was ever held on April 5, 2005 as alleged by Defendant, MBTA Employees Credit Union.

### "Fresh Start" 11 U.S.C. Section 525(a)
### Disputed by Plaintiff

The Courts have been developing the "Perez Rule" Perez v. Campbell, 402 U.S. 637 (1971) to prohibit organizations (all classes of persons, organizations and corporation) that can seriously effect the debtors livelihood or fresh start. The 1995 Senate Report No. 95-989 stated "… or by other organizations that can seriously affect the debtors' livelihood or fresh start, such as exclusion from a union on the basis of discharge of a debt to the union's credit union."

**MBTA Employees Credit Union's By-Law Article, IX, Sec 7, #4**
**Disputed by Plaintiff**

Discrimination clauses with-in By-Laws should not pass the scrutiny of the annual reporting, updating organization amendments to by-laws, which requires signature of Commissioner of Banks. Massachusetts interprets By-Laws as a contractual instrument. Viewing the concept of by-law as contract no contract can be formulated which would take a statutory right from a member. An illegal clause in a contract would VOID the contract in its entirety in the Commonwealth of Massachusetts. U.S. Senate Report no 95-989 states, "The prohibition extends only to discrimination or other action based solely on the basis of the bankruptcy, on the basis of insolvency before or during bankruptcy ..."

**B. (1) Causes of Action Presented by the Defendant's Summary Judgment**
**Disputed by the Plaintiff**

Plaintiff, Pro Se, Richard Livingston disputes to (1) the fact that Plaintiff has filed allegations of violation of Massachusetts General Laws Chapter 93A. The Plaintiff filed the MGL 93A in tandem with (FTC) Federal Trade Commission Act 15 U.S.C. 45 for deceptive acts and practices in businesses.

- **Massachusetts General Law Chapter 93A & (FTC) Federal Trade Commission Act**
A violation of the FTC 15 U.S.C. 45 federal statutes constitutes a violation of the Massachusetts Consumer Protection Act, MGL 93A. The Federal Trade Commission Act (FTC), the Massachusetts Consumer Protection Act 93A prohibits deceptive acts and practices. The Massachusetts legislature determined that the public would benefit by allowing suits. 436 Mass. 53 (2002), Ciardi v. F. Hoffman-La Roche, Ltd.,
(See Exhibit A 436 Mass. 53 (2002), Ciardi v. F. Hoffman-La Roche, Ltd.)
(See Exhibit B Articles on Ciardi v. F. Hoffman-La Roche, Ltd.)
(See Exhibit C Amici Brief AIDS Law Project Et Al PG 13 Paragraph 2)

Thus, the Defendant, MBTA Employees Credit Union's assertion that the Plaintiff, Pro Se, Richard Livingston does not have a private right of action (…"Livingston's Federal Trade Commission Act claim for violation of privacy fails because the law does not provide a private right of action.") is answered by the Massachusetts Legislature and has been affirmed by <u>Ciardi vs. Hoffman</u>. A violation of the FTC 15 U.S.C. 45 federal statutes constitutes a violation of the Massachusetts Consumer Protection Act, MGL 93A.

**B. (2) <u>Facts Presented by the Defendant's Summary Judgment Disputed by the Plaintiff</u>**

**"<u>93A Demand Letter</u>"**
MBTA Employees Credit Union having no standard operating procedures in place to handle logging and tracking legal documents was the contributing cause to the (alleged) misplaced "93A Demand Letter". (See Plaintiff's *Opposition to Kravitz Aff.* Exhibit 18(d)) The Plaintiff, Pro Se, Richard Livingston disputes the Defendant, MBTA Employees Credit Union allegation they never received a "93A Demand Letter". The Defendant, MBTA Employees Credit Union is disingenuous when they say they never received a demand letter on the present action and are using semantics and being vague to mislead the court. The Plaintiff, Pro Se, Richard Livingston challenges the veracity of this statement. Plaintiff also challenges the timeliness of this ascertain. To categorically claim the Defendant, MBTA Employees Credit Union never received a "93A Demand Letter" ; wasting the shareholders money on litigation; billable hours; and especially this Honorable Courts time is unconscionable. Defendant, MBTA Employees Credit Union never noted when answering the complaint over a year ago, never mentioned it at the joint meeting; never noted it in the joint statement of the parties. The Defendant was asked directly by the Honorable Judge Reginald C. Lindsay at the scheduling conference

hearing – "on what grounds The Defendant, MBTA Employees Credit Union would base summary judgment?" Defendant, MBTA Employees Credit Union never mentioned (although he had the opportunity to raise the question standing before the Judge) something as major as the alleged lack of "93A Demand Letter" which is a judicial pre-requisite to suit.

The Defendant MBTA Employees Credit Union received on or about May 2005 a "93A Demand Letter" from Plaintiff's, former Counsel William E. Gately Jr. as did all Defendants in analogous case #05-11350 filed with this Honorable Court on June 27, 2005, before he was suspended from the practice of law. The 93A Demand Letter was delivered pursuant to MGL Chapter 93A section 9 on or around May 25, 2005 addressed to Thomas Henry, Mortgage Department Manager, MBTA Employees Credit Union, at 147 West Fourth Street, South Boston, MA 02127. (See Plaintiff's *Opposition to Henry's Aff.* Exhibit 18(c))

The Pro Se, Plaintiff's Amended Complaint did not negate delivery of the 93A demand letter on or around May 25, 2005 by Plaintiff, Pro Se, Richard Livingston's then legal counsel.

### Facts Presented by the Defendant's Summary Judgment Disputed by the Plaintiff

### Statues of Limitation
The case before this honorable court is filed under the Federal Trade Commission Act and MGL 93A Consumer Protection Act which enjoys a four (4) year statues of limitation. The status of the statues of limitation was raised by the Defendant, MBTA Employees Credit Union at the April 26, 2006, Conference Hearing before Honorable Judge Reginald C. Lindsay regarding Defendants future Motion for Summary Judgment

on the State Tort, Statues of Limitation, and 93A. Honorable Judge Reginald C. Lindsay elaborated on statues of limitation regarding this case affirming the fact that the Plaintiff, Pro Se, Richard Livingston was within his statutory filing limitations because this case was filed as federal question; Federal Trade Commission / MGL 93A.

### Privacy "Article 8" Confidentiality/ C.U. Manual
### Disputed by the Plaintiff

The Defendant, MBTA Employees Credit Union made a promise to members and members relied on the promise declared in "Article 8" Confidentiality of Credit Union Manual, this quandary is a question for a jury. The Plaintiff further supports his Opposition to Motion for Summary Judgment with "The Privacy Act of 1974 5 U.S.C Section 552a (b) Conditions of Disclosure:

> "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written requested by, or with the prior written consent of, the individual to whom the record pertains…"

### Defamation

The Defendant, MBTA Employees Credit Union is correct in that libel and slander may be founded on defamation, but the right of action itself is libel or slander.

## Plaintiff, Pro Se, Richard Livingston Request Oral Argument

WHEREFORE, Plaintiff, Pro Se, Richard Livingston respectfully request that this Honorable Court deny the Defendant, MBTA Employees Credit Union's Motion for Summary Judgment.

### LR 7.1(A)(2) Certification of Pro Se, Plaintiff

Pursuant to LR 7.1(A)(2), Pro Se, Plaintiff certifies that he conferred with counsel for the defendant and attempted in good faith to resolve or narrow the issue presented by this motion.

Date _July 28, 2006_    _Richard Livingston_
Richard Livingston, Plaintiff, Pro Se,
149 Warren Avenue
Milton, Massachusetts 02186-2009

617-698-4333 HM

Attached: Certificate of Service

### CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day _July 28, 2006_ notified Peter C. Netburn, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {MBTA Employees Credit Union, South Boston, Massachusetts} by United States Postal Service Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113

Date _July 28, 2006_   _Richard Livingston_
Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009

617-698-4333 HM

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                                    DOCKET NUMBER 05-CV-11349-RCL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RICHARD LIVINGSTON              *           MEMORANDUM
         Plaintiff, Pro Se      *
Vs.                             *           Plaintiff Pro Se,
                                *           Opposition to
                                *           Motion for Summary
MBTA Employees Credit Union     *           Judgment
         Defendants             *           Local Rule 56.1,
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*           Local Rule 7.1,


# MEMORANDUM of REASON

Pursuant to Local Rule 56.1, Motion for Summary Judgment and L.R 7.1, Motions, the Plaintiff, Pro Se, Richard Livingston of the County of Norfolk, Commonwealth of Massachusetts submits Opposition to Motion for Summary Judgment to show the Plaintiff, Pro Se has a cause of action entitling him to relief from the Court and to allow him to litigate the allegations through discovery and trial.

Date July 28, 2006

Richard Livingston, Plaintiff Pro Se,
149 Warren Avenue
Milton, Massachusetts 02186-2009

617-698-4333 HM