# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS | DOCKET NUMBER 05-CV-11349-RCL |

************************************
| | | |
|---|---|---|
| RICHARD LIVINGSTON | * | Pro Se, Plaintiffs |
| Plaintiff, Pro Se | * | CONCISE STATEMENT OF |
| Vs. | * | MATERIAL FACTS |
| MBTA Employees Credit Union | * | |
| Defendants | * | Local Rule 56.1 |

************************************

## PLAINTIFF, PRO SE, RICHARD LIVINGSTON'S CONCISE STATEMENT OF MATERIAL FACTS TO WHICH THERE EXIST GENUINE ISSUES TO BE TRIED

Plaintiff, Pro Se, Richard Livingston, pursuant to LR 56.1, Opposition to Motion for Summary Judgment presents the following concise statement of genuine issues to be tried:

### Plaintiff's U.S. Bankruptcy Filing

1. The Plaintiff, Pro Se, Richard Livingston, as mortgagor / borrower from August 29, 1984 to July 27, 2001 on loan, (*property owned in part at ½ 50% separate interest as Tenants in Common*) [*Exhibit 1 Divorce Nisi*] held by Mortgagee, Defendant, MBTA Employees Credit Union holding interest in the property under control of the United States Federal Bankruptcy Court from March 7, 2001 until January 10, 2002, [*Exhibit 2 USBC Docket*] *See Order to Close Case and Discharge Trustee*, [*Exhibit 3 Trustee's Report*] as the only asset of the Plaintiff located at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County. [*Exhibit 4 Deed*]

1

{*See* copy of Divorce Nisi attached as Exhibit 1, USBC Docket Exhibit 2, Trustee's Report Exhibit, Deed to Milton Property Exhibit 4, to the July XX, 2006, Affidavit of Richard Livingston ("Livingston Aff."), which is filed herewith.}

### Defendant, MBTA Employees Credit Union as Creditor's

2. The Defendant, MBTA Employees Credit Union, as named creditor in the Plaintiff, Pro Se, Richard Livingston's United States Bankruptcy action/Cert of Ser. [*Exhibit 5 Cert. of Ser.*] moved on the Plaintiff's property by accepting payoff of the loan July 27, 2001. [*Exhibit 6 CUMEX's Checks*] Defendant, MBTA Employees Credit Union, facilitated the refinancing of the property by providing payoff computation of the Plaintiff's, credit unions mortgage by using Plaintiff's name on Mortgage Payoff Inquiry Form with out plaintiffs permission [*Exhibit 7 McHarris Note*] on July 26, 2001 to CUMEX's closing Attorney, Victoria Schepps [*Exhibit 6 CUMEX's Checks*] all preparation for refinancing was done without authorization, knowledge, notification or approval from the Debtor / Plaintiff, Pro Se, Richard Livingston and the United States Bankruptcy Court. [*Exhibit 3 Trustee's Report*] The Secretary of States or Banking Commissions for both Massachusetts and Vermont does not recognize CUMEX as an entity ; yet it is doing financial business in the Commonwealth. [*Exhibit ,8,9,10,11, Sec of State Ma & VT Banking Commissions MA & VT*]

{*See* copy of Exhibit 5 Cert of Ser, Exhibit 6 CUMEX's Checks, Exhibit 7 McHarris Note, Exhibit 8,9,10,11 Sec of State Ma & VT Banking Commissions MA & VT attached to the Livingston Aff.}

**Plaintiff's Clouded Title**

3.  The Defendant, MBTA Employees Credit Union did not produce timely documents to be filed with the Norfolk County Registrar of Deeds which caused the Plaintiff's property title to be clouded. On March 31, 2003 a certified title search (at the time and expense of the Plaintiff) [*Exhibit 12 Certified Title Search*] [*Exhibit 13 Letter Informing Defendants March 23, 2003*] revealed a defective discharge, clouding the title of the Plaintiff's property. The Defendant, MBTA Employees Credit Union prejudiced the Plaintiff, Pro Se, Richard Livingston by causing Plaintiff's property to become unmarketable.

{*See* copy of Exhibit 12 Certified Title Search, Exhibit 13 Letter Informing Defendants March 23, 2003 attached to the Livingston Aff.}

**Massachusetts General Law 93A (FTC) Federal Trade Commission Act**

4.  The Defendant, MBTA Employees Credit Union by unfair and deceptive business practice violated the Plaintiff's Consumer Protection Rights MGL 93A and the Federal Trade Commission Act. When the Defendant, MBTA Employees Credit Union continued to facilitate and negotiate a refinancing, transferring data, records, files, documents, and personal property, of the Plaintiff without the Plaintiff's notification, consent, or written authorization. The Defendant, MBTA Employees Credit Union without the required Relief from Stay of the United States Bankruptcy Court, as creditor, [*Exhibit 2 Creditors Obligation*] were compelled to obtain a relief, in order to move forward to accept payoff of loan (only asset of Plaintiff) of Mortgagor / Plaintiff (holding a 50% title) who was in bankruptcy and was certified as

3

insolvent on February 26, 2001 "…Richard Livingston is insolvent and recommended bankruptcy protection be seriously considered." by Certified Public Accountant William Alford. [*Exhibit 14 CPA Alford's Letter dated February 26, 2001*] The Defendant, MBTA Employees Credit Union and the Norfolk County Court Special Master James McLaughlin were notified immediately of the Accountant's findings. [*Exhibit 15 Motion for Clarification #2*]

{*See* copy of Exhibit 2 USBC Creditor Obligation to Relief of Stay, Exhibit 14 CPA Alford's Letter dated February 26, 2001, Exhibit 15 Motion for Clarification #2, attached to the Livingston Aff.}

### Bankruptcy Filing Discrimination

5. The Defendant, MBTA Employees Credit Union, formed By-Laws, which discriminated against the Plaintiff, Pro Se, Richard Livingston and effected the Plaintiff's ability to enjoy a fresh start by denying the Plaintiff nomination to the Board of Directors after Bankruptcy. [*Exhibit 16 By-Laws 1992 & 2006*] The United State Bankruptcy Code 11 U.S.C. s 525(a), Perez Rule protects the Plaintiff from all classes of person and organization who seek to deny a debtor a "Fresh Start".

{*See* copy Exhibit 16 By-Laws 1992 & 2006, attached to the Livingston Aff.}

### Privacy Violation

6. The Defendant, MBTA Employees Credit Union, violated the Plaintiffs, Pro Se, Richard Livingston's privacy rights under the Defendants own terms and conditions of the MBTA Employees Credit Union and Employees Rights and Responsibility Policy Manual [*Exhibit 17 MBTA Employees Credit Union Policy Manual*]. "Confidentiality – in order that your privacy may be

protected, we will not disclose any information about you or your account to any person or organization, or agency except: ...by your written authorization which shall automatically expire 45 days after our receipt of your authorization". "If an unauthorized disclosure has been made, we must inform you of the particulars of the disclosure within 3 days after we have discovered and verified that an unauthorized disclosure has occurred."

{*See* copy Exhibit 17 MBTA Employees Credit Union Policy Manual, attached to Livingston Aff.}

\* Also See attached Plaintiff, Pro Se, Richard Livingston's Affidavit Challenging the Affidavits of Peter C. Netburn, Affidavit of Ellen Pittman, Affidavit of Thomas Henry, & Affidavit of Gary Kravitz.

Date July 28, 2006

Richard Livingston, Plaintiff, Pro Se,
149 Warren Avenue
Milton, Massachusetts 02186-2009

617-698-4333 HM

Attached: Certificate of Service

### CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day July 28, 2006 notified Peter C. Netburn, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {MBTA Employees Credit Union, South Boston, Massachusetts} by United States Postal Service Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113

Date July 28 2006

Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009

617-698-4333 HM

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, SS                    DOCKET NUMBER 05-CV-11349-RCL

```
*************************************        Pro Se, Plaintiffs
RICHARD LIVINGSTON              *        Page Reference to Affidavit
            Plaintiff, Pro Se   *              & Documents
Vs.                             *        CONCISE STATEMENT OF
MBTA Employees Credit Union     *          MATERIAL FACTS
                Defendants      *            Local Rule 56.1
*************************************
```

## PAGE REFERENCES TO AFFIDAVITS, DOCUMENTS
* Attachments to Concise Statement of Material Facts including Plaintiff, Pro Se, Richard Livingston's Affidavit

1. Divorce Nisi, pg 1-2

2. United States Bankruptcy Court Docket, pg 1-2-3

3. United States Bankruptcy Trustee's Report, pg 1-2

4. Deed, pg 1-2

5. United States Bankruptcy Certificate of Service pg 2

6. CUMEX's bank checks, pg 2 and pg 3 of Plaintiffs Argument

7. MBTA Mortgage Inquiry Payoff Form, pg 2

8. VT Bank Commissioner Letter on CUMEX, pg 2

9. MA Bank Commissioner Letters on CUMEX, pg 2

10. Lexington MA. Letter on CUMEX, pg 2

11. MA. Secretary of State Certify on CUMEX non-entity, pg 2

12. Certified Title Search show Defective title, pg 3

13. Attorney Gately letter informing MBTA CU of defect, pg 3

14. CPA William Alford letter of insolvency, pg 4

15. Motion for Clarification informing of insolvency, pg 4

16. By-Laws 1992 compare 1994 with amendments, pg 4

17. MBTA Employees Credit Union Policy Manual, pg 4

1

### 18. Plaintiff, Pro Se, Richard Livingston Challenge to:
**Plaintiffs Exhibits attached to Plaintiff's Affidavit**

Affidavit of Peter C. Netburn – Ex 6-7-12-13-19

Affidavit of Ellen Pittman – Ex A-B-C

Affidavit of Thomas Henry – Ex 2-12-13-14-22-23

Affidavit of Gary Kravitz – Ex 22-23

   19. Original Appraisal of Mr. Falconer

   20. Appraisal Check paid for by Attorney for Plaintiff Livingston

   21. Uniform Underwriting showing MSC used MBTA appraisal

   22. Kravitz Letter / Subpoenas, etc.

   23. "93A Demand Letter" to MBTA dated May 25, 2005

2