UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **SUFFOLK, SS** | | **DOCKET NUMBER 05-CV-11349-RCL** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*          Pro Se, Plaintiff's
**RICHARD LIVINGSTON**          \*          Argument in Support of
              **Plaintiff, Pro Se**          \*          Opposition to Defendants
              **Vs.**          \*          Motion for Summary
**MBTA Employees Credit Union**          \*          Judgment
              **Defendants**          \*          Local Rule 56.1
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# ARGUMENT

I. **BANKRUPTCY CODE**

**MBTA Employees Credit Union as Creditor in Plaintiff, Pro Se's Bankruptcy Action:**

The Plaintiff, Pro Se, Richard Livingston brings this action declared in Count III, No. 37, 38 of Plaintiff's amended complaint, and inferred in the Defendant and Plaintiff's Joint Statement to be concluded by reasoning from the premises of the evidence produced in exchange of "Initial Disclosure, - to this point. The Plaintiff, Pro Se, Richard Livingston disputes the facts presented by the Defendant MBTA Employees Credit Union that the Plaintiff is seeking damages "… related to the refinancing by his former wife … of certain mortgages on the …former marital home". The disputed facts are the Plaintiff's issue is the Defendant, MBTA Employees Credit Union's position as creditor in the Plaintiff, Pro Se, Richard Livingston's Bankruptcy action obligated the Defendant, MBTA Employees Credit Union to fulfill a specific legal obligation under: Rule 4001-1 Motion for Relief from Stay, Title 11 U.S.C Section 362(a)-(h). The Automatic Stay, 11 U.S.C, Section 363(a) is "one of the fundamental protections afforded to debtors by the bankruptcy laws" Midatlantic Nat'l Bank v. N.J Dep't of Envt'l Prot., 474 U.S. 494,503(1986). The Defendant, MBTA Employees Credit Union failed as creditors who were recorded on the Plaintiff's Matrix of the Bankruptcy Court to seek the required Relief from Stay from the Bankruptcy Court/Trustee -- prior to facilitating; providing

1

pay-off figures; releasing financial private information of the Plaintiff, Pro Se, Richard Livingston prior to July 26, 2001 and well outside the timeliness barriers of the protection of the Plaintiff's bankruptcy security, including the fact the Defendant, MBTA Employees Credit Union accepted pay-off of the Plaintiff, Pro Se's loan on the property. A willful violation occurs when a creditor fails to act affirmatively to prevent the selling of the debtor's property. In this case, the Defendant, MBTA Employees Credit Union had the opportunity and obligation to keep within the time frame of the bankruptcy code but chose to hop the fence with, and under, the umbrella of a third party. Section 362(h) provides for actual damages, costs, attorney fees, and punitive damages. In Vahlshing v. Commercial Union Ins. Co., 928 F.2nd 486 (1st Cir. 1991) it was found that "the same actions which can be penalized as violations of the Automatic Stay might also be unfair trade practice under state law." The Plaintiff held his property at ½ (50%) interest (only asset) as Tenant in Common with Plaintiff's former wife. The Defendant, MBTA Employees Credit Union's factual claim that the Plaintiffs property in question was held as Joint Tenants is disputed. Therefore, the Defendant, MBTA Employees Credit Union assisted and cooperated with the Plaintiff's former spouse to encumber the only asset the Plaintiff held separate and apart at ½ (50%) ownership - under the protection of U.S Bankruptcy Code when; *as quoted from Defendants Memorandum page 5 in Support of Summary Judgment* - "in the ordinary course of business…the MBTA Employees Credit Union calculated and forwarded the mortgage payoff to Attorney Schepps on July 27, 2001…Coincidently, Livingston was discharged from bankruptcy on July 26, 2001" See Memo, pg5. The Plaintiff's bankruptcy was not certified as discharged under Chapter 7 by the court until July 28, 2001 [*See Exhibit 5*] and the final report of the Trustee filed January 10, 2002. [*See Exhibit 2*] Even a cursory examination of the timeliness of preparation, and production of documents necessary to complete the business transaction of loan pay-off would reveal the fact the defendant MBTA Employees Credit Union was working in collusion and in tandem with a third party in violation of the stay. The third party, CUMEX, (an unrecognized institute in the Commonwealth of Massachusetts) [*See Exhibit 8,9,10,11*] ; the supplier of the pay-off monies to the Defendant, MBTA Employees Credit Union. [*See Exhibit 6*] The Defendant, MBTA Employees Credit Union could not hop under the umbrella of Relief from Stay the former wife held from

the Bankruptcy Court. The Defendant, MBTA Employees Credit Union was required, and was compelled by law to seek their own Relief from Stay, as creditors on the Matrix of the Bankruptcy Court. The Plaintiff, Pro Se, Richard Livingston brings this action against the Defendant, MBTA, Employees Credit Union as creditors to Plaintiff's Bankruptcy action, and not against Plaintiff's former wife! The occurrence (pay-off of loan) is the kind of thing that does not ordinarily happen without negligence *known as* the Doctrine of RES IPSA LOQUITUR. The occurrence (pay-off of loan) was caused by the negligence of agents of the Defendant MBTA Employees Credit Union because, it was a contingent requirement of Bankruptcy Law that the Defendant MBTA Employees Credit Union was compelled, in fact, to complete specific and particular events (to seek Bankruptcy Relief of Stay, as creditor) before accepting pay-off of the Plaintiff's property loan.

## II.     FTC ACT /15 U.S.C., Sec. 45(a)(1), MGL c.93A

**Unfair Business Practice:**

The Plaintiff, Pro Se, Richard Livingston alleges unfair and deceptive business practice which would include violation of financial and privacy rights. The defendant, MBTA Employees Credit Union, disputes the fact that they violated the Plaintiff's privacy rights by unfair business practice in violation of the Massachusetts Consumer Protection Act, MGL c.93A and the FTCA/Federal Trade Commission Act when; the defendant, MBTA Employees Credit Union transferred data, records, files, documents, and personal property of the Plaintiff without notification, consent, or written authorization of the Plaintiff, and without obtaining the required relief from the Bankruptcy Court/Trustee to do so. The Plaintiff, Pro Se, Richard Livingston disputes the fact alleged by the Defendant MBTA Employees Credit Union that Plaintiff claimed under 12 U.S.C. Sections 3401-3422.

**Financial / Privacy Rights:**

Massachusetts courts are "to be guided by" the Federal Trade Commission's interpretations of fairness and deception. <u>Commonwealth v. Amcan Enterprises, 47 Mass. App. Ct. 330 (1999)</u> According to the FTC/Fair Trade Commission unfair conduct is that which:

Offends public policy as established by statutes, the common law, or any other concept of fairness;

Is immoral, unethical, oppressive or unscrupulous; or

Causes substantial injury to consumers and –

An act or practice is in violation of Massachusetts General Law, Chapter 93A if:

It is oppressive or unconscionable,

It fails to disclose material facts to a buyer

It violates any statute, rule, regulation or law which is intended to protect the public's health, safety or welfare, or

it violates any federal consumer protection statute, including the Federal Trade Commission Act and the Federal Consumer Credit Protection Act

A violation of the FTC Federal Trade Commission constitutes a violation of the Massachusetts Consumer Protection Act, MGL c.93A. The FTC Act, the MGLc.93A prohibits deceptive acts and practices.

**Private Right of Action**

The Massachusetts Legislature determined that the public would benefit by allowing suits. <u>Ciardi v. Hoffman-LaRoche</u>, 436 Mass 53(2002) made a pivotal turn when *dictum* the Honorable Judge Francis X. Spina said of an individual alleging consumer protection violation "..her complaint alleged

coercive civil conspiracy and unfair, deceptive acts or practices in violation of MGL c.93A." It was ruled in <u>Ciardi</u> that individuals have a cause of action.

<u>Ciardi v. Hoffman-LaRoche</u>, 436 Mass 53(2002) page 59

> "In analyzing what constitutes unfair methods of competition and unfair or deceptive acts or practices, which are not defined in G.L. c. 93A, this court looks to interpretations by the Federal trade Commission and Federal courts of Section 5(a)(1) of the Federal trade Commission Act (FTC Act), 15 U.S.C. Section 45(a)(1) (2000)."

It was further ruled in <u>Ciardi</u> that "any person who shall be injured in his...property by reason of a violation of the provisions of MGL 93A may sue ...and recover the actual damages sustained, together with the costs of suit, including reasonable attorney fees." <u>Ciardi v. Hoffman-LaRoche, Ltd.</u>, 436 Mass 53(2002), See: Ex.A 436 Mass Ciardi v. Hoffman-La Roche, Ltd., Ex.B Article on Ciardi, Ex.C Amici Brief AIDS Law Proj.

The Plaintiff, Pro Se, Richard Livingston was harmed by the unfair and deceptive business practice of the MBTA when the MBTA failed to seek a Relief from the Bankruptcy Court as they were required to do as creditors on the matrix to the Plaintiff's bankruptcy action; by preempting the Plaintiff's bankruptcy discharge when; the MBTA colluded with third parties to prepare, calculate, etc. pay-off figures of the loan held by the MBTA under protection of bankruptcy and held at ½ interest 50% separate and apart interest in the property by the Plaintiff; denying the Plaintiff of proper notice; releasing his financial information to a third party; using documents with his name noted as borrower on the mortgage inquiry pay-off form document when; the Plaintiff had no knowledge, nor did the Plaintiff give permission to use his name on the documents; by changing the original lenders name MBTA to Mortgage Service Center on the Appraisal originally constructed (bought and paid for) by the Plaintiff, Pro Se, Richard Livingston. [*See Exhibit 19,20,21*] When they encumber the Pliantiffs equity position on 15 Quarry Lane for their own unjust enrichment.

Under the cloak of darkness and a vale of secrecy only this Honorable Court can pierce everyone involve with the manipulation, deception, and unfair practice surrounding encumbering the equity position of the property at 15 Quarry Lane, Milton, Commonwealth of Massachusetts, Norfolk County were unjustly enriched at the pain and suffering of the Plaintiff, Pro Se, Richard Livingston. The Defendant MBTA Employees Credit Union (creditor without a Relief from Stay) by receipt of the payoff on the first mortgage ; RAH federal Credit Union (creditor without a Relief from Stay) by receipt of payoff on the second mortgage and other loans (which were not the obligation of the Plaintiff) ; Victoria Schepps as closing Attorney receiver of payments ; CUMEX a non-recognized lending institution in Massachusetts & Vermont ; Chittenden Bank ; Mortgage Service Center, none of whom took the time to verify the Court order which restricted and directed.

**Privacy Rights**

The Plaintiff, Pro Se Richard Livingston's claim of MGL 93A/FTCA leads the Plaintiff to evoke rights enforced by the Commission of FTC Act who is charged with enforcing the FTCA, 5 U.S.C. 522a (a-b), "The Privacy Act of 1974" Records maintained on Individuals and 15 U.S.C. Section 45 which prohibits unfair or deceptive acts and practices that affects commerce.

The Privacy Act 5 U.S.C. 522a (b) Conditions of Disclosure states "No agency (*Defendant, MBTA Employees Credit Union*) shall disclose any record which is contained in a system of records by any means of communication to any person, or to another

agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the records pertains..."

**"Bankruptcy Discrimination / Fresh Start" 11 U.S.C. Section 525(a)**

The Courts have been developing the "Perez Rule" Perez v. Campbell, 402 U.S. 637 (1971) to prohibit organizations (all classes of persons, organizations and corporation) that can seriously effect the debtors livelihood or fresh start. The 1995 Senate Report No. 95-989 stated "... or by other organizations that can seriously affect the debtors' livelihood or fresh start, such as exclusion from a union on the basis of discharge of a debt to the union's credit union."

**MBTA Employees Credit Union's By-Law Article, IX, Sec 7, #4**

Discrimination clauses with-in By-Laws should not pass the scrutiny of the annual reporting, updating organization amendments to by-laws, which requires signature of Commissioner of Banks. Massachusetts interprets By-Laws as a contractual instrument. Viewing the concept of by-law as contract no contract can be formulated which would take a statutory right from a member. An illegal clause in a contract would VOID the contract in its entirety in the Commonwealth of Massachusetts. U.S. Senate Report no 95-989 states "The prohibition extends only to discrimination or other action based solely on the basis of the bankruptcy, on the basis of insolvency before or during bankruptcy ..."

*In conclusion*, the Plaintiff, Pro Se, Richard Livingston argues a violation of the FTCA and related Acts, "The Privacy Act of 1974" 5 U.S.C. 522a (a-b), is a violation MGL Chapter 93A, an Act formulated to provide a private right of redress for unfair

business practice. In <u>Vahlshing v. Commercial Union Ins. Co.,</u> 928 F.2nd 486 (1st Cir. 1991) it was found that "the same actions which can be penalized as violations of the Automatic Stay might also be unfair trade practice under state law."

Date July 28, 2006

Richard Livingston, Plaintiff, Pro Se,
149 Warren Avenue
Milton, Massachusetts 02186-2009

617-698-4333 HM

Attached: Certificate of Service

### CERTIFICATE OF SERVICE

I, Richard Livingston, Plaintiff, Pro Se hereby swear and affirm that I have this day July 28, 2006 notified Peter C. Netburn, Esq. of Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113 legal representative for MBTA Employees Credit Union, Defendant {MBTA Employees Credit Union, South Boston, Massachusetts} by United States Postal Service Hermes, Netburn, O'Connor & Spearing, P.C. 265 Franklin Street, Seventh Floor Boston, MA 02110-3113

Date July 28, 2006

Richard Livingston
149 Warren Avenue,
Milton Massachusetts 02186-2009

617-698-4333 HM

8