UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **RICHARD LIVINGSTON,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-CV-11349-RCL |
| **MBTA EMPLOYEES CREDIT UNION,** | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT MBTA EMPLOYEES CREDIT UNION'S
MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF RICHARD LIVINGSTON**

Pursuant to Fed. R. Civ. P. 56(e), Defendant MBTA Employees Credit Union (the "Credit Union") hereby moves to strike certain portions of the *Affidavit of Plaintiff, Pro Se, Richard Livingston (sic) Opposition to Defendants (sic), MBTA Employees Credit Union's Motion for Summary Judgment* (the "Livingston Affidavit").[1]  Specifically, the Credit Union seeks to strike Exhibits 6, 8, 9, 10, 11, 12, 13, 14, 16, 18, 20, 21, 22, and 23 from the Livingston Affidavit.  As grounds for this Motion, the Credit Union states that these Exhibits should be stricken because:  (1) they have not been properly authenticated; (2) they contain facts that are irrelevant, inadmissible hearsay and/or inadmissible evidence; and/or (3) Livingston is not competent to testify to the matters stated therein, as required by Mass. R. Civ. P. 56(e).  Affidavits containing hearsay, conclusory statements, general denials, and factual allegations not

---

[1] The exhibits to Livingston's Affidavit are not tabbed, and were scanned into PACER by the Clerk in thirteen (13) approximately thirty (30) page parts.  For the Court's convenience, references to specific exhibits will include the part and page numbers.

1

based upon personal knowledge are not competent to establish a genuine issue of material fact and are insufficient to avoid summary judgment. Madsen v. Erwin, 395 Mass. 715, 721 (1985).

Specifically, the bases for striking each of these exhibits are as follows:

1. Exhibit 6 (Part # 2, Pages 15-19 of 30) purports to be copies of five (5) checks dated August 2, 2001 and drawn on attorney Victoria Hayward Schepps' Client Fund Account, copied over documents regarding the debts for which the checks were written. These documents should be stricken as inadmissible hearsay. In addition, the authenticity of these documents has not been established. Although the first page is similar to Exhibit 8 to the July 14, 2006 Affidavit of Peter C. Netburn ("Netburn Aff."), which was filed in support of the Credit Union's Motion for Summary Judgment on July 14, 2006, it appears to have been reduced in size and contains additional information at the bottom of the page. The other three pages do not relate in any way to the Credit Union.

2. Exhibit 8 (Part # 2, Pages 22-24 of 30) purports to be a copy of a letter of May 8, 2006 written by Thomas J. Candon, Deputy Commissioner of Banking at the Vermont Department of Banking, Insurance, Securities and Health Care Administration, to Richard Livingston. The authenticity of the letter has not been established, and the document should be stricken as inadmissible hearsay. In addition, the subject of the letter: the legal status of Chittenden Bank; Mortgage Service Center; and Cumex is irrelevant to Livingston's claims against the Credit Union.

3. Exhibit 9 (Part # 2, Pages 25-29 of 30) purports to be copies of two letters written by Joseph A. Leonard, Jr., Deputy Commissioner of Banking and General Counsel at the Massachusetts Office of the Commissioner of Banks, to Richard Livingston. The authenticity of the letters has not been established, and the documents should be stricken as inadmissible

hearsay. In addition, the subject of the May 26, 2006 letter: the legal status of Chittenden Bank; Mortgage Service Center; and Cumex is irrelevant to Livingston's claims against the Credit Union. The only references to the Credit Union in the June 15, 21006 letter are that the Credit Union, "is a state-chartered credit union and has the authority under its charter to make loans and conduct a credit union business in this state," and that the Massachusetts Division of Banks "is not required to separately license this credit union and has no license number." Neither of these statements is disputed in the present litigation.

    4.      Exhibit 10 (Part # 2, Page 30 of 30/ Part #3, Page 1 of 30) purports to be a copy of a letter of June 8, 2006 from the Town Clerk for Lexington, Massachusetts to Livingston. The authenticity of the letter has not been established, and the document should be stricken as inadmissible hearsay. In addition, the subject of the letter: the existence of business certificates in the name of Chittenden Bank; Mortgage Service Center; or Cumex is irrelevant to Livingston's claims against the Credit Union.

    5.      Although Livingston has attached a page entitled "Exhibit 11" to his affidavit, there is no other document attached. Accordingly, Exhibit 11 (Part # 3, Page 2 of 30) should be stricken.

    6.      Exhibit 12 (Part # 3, Pages 3-23 of 30) purports to be a copy of a letter dated March 31, 2003 from Thomas F. Williams, Esq. to Livingston with an enclosed title examination regarding the Milton Property from August 29, 1985 to February 28, 2003. The letter and title examination should be stricken as inadmissible hearsay. The authenticity of the document has not been established, nor have Mr. Williams' qualifications as an expert witness. Mr. Williams' statement that, "[t]he MBTA Employee Credit Union appears that it may have been paid off, but the discharge is defective; so that is why I do not know if it was paid off or not" does not state an

opinion to the required degree of certainty.  Finally, the title examination was prepared by an unknown person.

      7.     Exhibit 13 (Part # 3, Pages 24-28 of 30) purports to be a copy of a letter dated May 23, 2003 from William E. Gately, Esq. to Livingston with a proposed discharge of the Credit Union Mortgage.  The letter and title examination should be stricken as inadmissible hearsay.  The authenticity of the document has not been established, nor have Mr. Gately's qualifications as an expert witness.  The proposed discharge, which was intended to correct the recorded discharge, contains at least three typographical errors.

      8.     Exhibit 14 (Part # 3, Pages 29-30 of 30) purports to be a copy of a letter dated February 26, 2001 from "Alford & Co., P.C." to Attorney William Gately regarding his examination of Livingston's financial records.  Mr. Livingston does not have personal knowledge of this document.  The letter should be stricken as inadmissible hearsay.  The authenticity of the document has not been established, nor have Alford & Co., P.C.'s qualifications as an expert witness.

      9.     Exhibit 16 (Part # 4, Pages 6-10 of 30) purports to be copies of portions of the Credit Union's By-Laws.  Mr. Livingston does not have personal knowledge of this document and the authenticity of the document has not been established.  This document should be stricken as inadmissible hearsay.  Furthermore, the document indicates that the By-Laws are effective April, 1992.  These were not the By-Laws in effect at the time of the April, 2005 election of the Credit Union's Board of Directors at issue in this litigation.  Attached to the Netburn Aff. as Exhibit 18 is a certified copy of the Credit Union's By-Laws (effective April, 2005) from the Massachusetts Office of Consumer Affairs and Business Regulation, Executive Office of Economic Development, Division of Banks.

10.     Exhibit 18 (Part # 4, Pages 13-30 of 30 through Part # 13, Pages 1-9 of 27) purports to be Livingston's "Challenges" to the Affidavits of Gary Kravetz, Thomas Henry, Ellen Pittman and Peter Netburn.[2]  These documents are replete with unsupported challenges of the veracity of the affidavits, and references to inadmissible exhibits described above. Furthermore, Livingston's repeated statement that he "satisfies the elements of <u>Favorable Termination Requirement of Summary Judgment</u>" is gibberish.  Exhibit 18 should be stricken in its entirety.

11.     Exhibit 20 (Part # 13, Pages 13-15 of 27) purports to be a copy of check dated December 31, 2000 drawn on the account of William E. Gately, Jr. at Citizens Bank made payable to M.B.T.A. Credit Union in the amount of $291.00, and the check stub.  Mr. Livingston does not have personal knowledge of this document.  The authenticity of the check and stub has not been established, and the document should be stricken as inadmissible hearsay.

---

[2] Livingston's "Challenge" to Affidavit of Gary Kravetz is found at Part # 4, Pages 14-26 of 30.  Along with a one (1) page "Challenge" pleading, Livingston attached copies of Exhibit 22, Exhibit 23, and the Affidavit of Gary J. Kravetz.  Exhibits 22 and 23 were also submitted as their own attachments to Livingston's Affidavit at Part # 13, Pages 18-21 of 27 and Part # 13, Pages 22-27 of 27, respectively.

Livingston's ""Challenge" to Affidavit of Thomas Henry is found at Part # 4, Pages 27-30 of 30 through Part # 6, Pages 1-13 of 30.  Along with a two (2) page "Challenge" pleading, Livingston attached copies of Exhibits 2, 23, 22, 12, and the Affidavit of Thomas J. Henry (including the exhibit attached thereto).  Exhibits 2, 23, 22, 12 were also submitted as their own attachments to Livingston's Affidavit.

Livingston's "Challenge" to Affidavit of Ellen Pittman is found at Part # 6, Pages 14-21 of 30.  Along with a two (2) page "Challenge" pleading, Livingston attached a copy of the Affidavit of Ellen Pittman (including the three exhibits attached thereto).

Livingston's "Challenge" to the Affidavit of Peter Netburn is found at Part # 6, Pages 22-30 of 30 through Part # 13, Pages 1-9 of 27.  Along with a three (3) page "Challenge" pleading, Livingston attached:  a copy of the Affidavit of Peter C. Netburn ("Netburn Aff."); Exhibits 3, 4, and 5 to the Netburn Aff.; Exhibit 6 to the Livingston Affidavit; Exhibit 6 to the Netburn Aff.; Exhibit 19 to the Livingston Affidavit; Exhibit 7 to the Netburn Aff.; Exhibit 7 to the Livingston Affidavit; Exhibit 8 to the Netburn Aff.; Exhibit 12 to the Livingston Affidavit; Exhibits 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 and to the Netburn Aff.;  Exhibit 12 to the Livingston Affidavit; Exhibit 13 to the Livingston Affidavit; and Exhibit 23 to the Netburn Aff.  Livingston Affidavit Exhibits 6, 19, 7, 12, 12, and 13 were also submitted as their own attachments to Livingston's Affidavit.

12. Exhibit 21 (Part # 13, Pages 16-17 of 27) purports to be a copy of an undated document entitled "Uniform Underwriting and Transmittal Summary" regarding a proposed mortgage loan to Margaret Clifford. Mr. Livingston does not have personal knowledge of this document. The authenticity of the document has not been established, and the document should be stricken as inadmissible hearsay.

13. Exhibit 22 (Part # 13, Pages 18-21 of 27) purports to be a copy of a letter dated February 25, 2005 from Gary Kravetz (General Counsel to the Credit Union) to Philip O'Connor (CEO of the Credit Union). Mr. Livingston does not have personal knowledge regarding this letter. The authenticity of the letter has not been established, and the document should be stricken as inadmissible hearsay.

14. Exhibit 23 (Part # 13, Pages 22-27 of 27) purports to be a copy of a written demand letter pursuant to M.G.L. c.93A dated May 25, 2005 from attorney William Gately to Thomas Henry of the Credit Union. Livingston does not have personal knowledge of this letter, and the authenticity of the letter has not been established. No foundation has been laid to demonstrate that the letter was either sent to or received by the Credit Union. Accordingly, the document should be stricken.

**WHEREFORE**, the Credit Union respectfully request that this Honorable Court enter an Order striking Exhibits 6, 8, 9, 10, 11, 12, 13, 14, 16, 18, 20, 21, 22, and 23 from the *Affidavit of Plaintiff, Pro Se, Richard Livingston (sic) Opposition to Defendants (sic), MBTA Employees Credit Union's Motion for Summary Judgment.*

**MBTA EMPLOYEES CREDIT UNION**,
By its attorneys,

/s/ Peter C. Netburn
Peter C. Netburn, BBO No. 546935
Eric C. Hipp, BBO No. 642658
HERMES, NETBURN, O'CONNOR
   & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA  02110-3113
(617) 728-0050 – Tel.
(617) 728-0052 – Fax

Dated:  August 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2006.

/s/ Eric C. Hipp
Eric C. Hipp

G:\DOCS\ECH\Clients\CUMIS\MBTA ECU - Livingston\Pleadings\Memo in Support of Motion to Strike Portions of Affidavit of Richard Livingston.doc